Mr. and Mrs. Rufus MARSHALL, Jr.

v.

**SOUTHERN FARM BUREAU CASUALTY COMPANY.**

**No. 9606.**

United States District Court
W. D. Louisiana,
Lafayette Division.

Nov. 12, 1964.

Simon & Trice, J. Minos Simon, Lafayette, La., for plaintiffs.

Davidson, Meaux, Onebane & Donohoe, T. J. McNamara, Lafayette, La., for defendant.

PUTNAM, District Judge.

## DISMISSAL SUA SPONTE

On August 10, 1964, the defendant, Southern Farm Bureau Casualty Company, filed a motion for the production of certain maps and signed statements which, it alleges, were used by plaintiffs' counsel in taking the depositions of certain of the witnesses in this case on Friday, July 17, 1964, and on July 20, 1964. The motion names the witnesses in question, mentions their statements by reference and particularly identifies the two maps as being maps of Highway No. 347 near the Iberia-St. Martin Parish line covering the scene of the automobile accident out of which this action, for damages, grows.

The motion was argued on September 17, 1964. At the conclusion of argument by counsel the Court stated that it did not consider that the matter could be resolved on the basis of the affidavit attached to the motion of the defendant, but that the court should have for consideration the depositions in question setting out the testimony of the witnesses referred to in the motion, and the maps and statements used by plaintiffs' counsel in interrogating these witnesses,

so that we could determine whether or not the documents of which production was sought should be produced and made part of the testimony of the witnesses.

The Court further stated, orally, to the clerk and to counsel, that the depositions as well as the documents in question should be turned over to the Clerk of Court in Lafayette, Louisiana, to be held by him for the inspection and study of the Judge alone. In other words, it was made clear that the documents were not ordered produced for the purpose of turning them over to the defendant for inspection and copying. Pursuant to the Court's ruling the Clerk entered the following order in the minutes:

"This case came on for hearing on motion by defendant for production, inspection, copying and photographing of documents and things. The Court ordered that the deposition, documents and exhibits included in this motion be filed with the Clerk, for the inspection of the Court only, and the matter will then be taken under consideration."

On September 18, 1964, counsel for plaintiff wrote to the presiding Judge, with a copy to the Deputy Clerk in Lafayette and to his opposing counsel, what purports to be a brief. Although not in compliance with Rule 10, Western District of Louisiana, it was considered as such and put aside until the matter came up for study. In it it is stated that counsel had turned over to the Clerk the depositions of six witnesses who had been named in the motion for production, and that "these are the witnesses named in defendant's motion, and it is our understanding that you will read these depositions, to determine whether you will order us to produce the maps and statements referred to in said motion, and will return said depositions to us." No counteraffidavits were filed or offered.

On or about October 8, 1964, the Court took the record in the case together with the depositions and, upon reading plaintiff's letter of September 18th and

checking with the Clerk, learned that the exhibits and statements ordered produced and filed with the depositions had not been produced. We then instructed the Clerk to write plaintiffs' attorney requesting that the documents or exhibits referred to be filed, put aside this file and proceeded to the consideration of other matters. A copy of the letter written by the Deputy Clerk of Court at Lafayette, dated October 8, 1964, is in the record.

On October 9, 1964, counsel for plaintiffs wrote to the Deputy Clerk of Court with a copy of this letter being sent to the Court and to the Clerk in Shreveport, refusing to produce or surrender the documents to the Clerk of Court, but stating that if the Court insisted upon seeing these exhibits they would be willing to bring them to my office, permit me to examine them at that time and then return them to counsel.

The Clerk, being the proper recipient of such exhibits, under Rule 10(d), Western District of Louisiana, was then instructed to enter the following order in the minutes of the court and to notify plaintiffs' counsel thereof, this order, dated October 21st, being as follows:

"Plaintiffs' objection and refusal to comply with order of September 17, 1964, stated in letter of October 9, 1964, are overruled, and plaintiff is ordered to file the documents referred to with the Clerk within two days of receipt hereof, otherwise a dismissal will be entered. Plaintiff's right to apply for any protective orders deemed necessary is reserved."

The letter of October 9th leads to no other conclusion but that plaintiffs' counsel feel that should the documents be filed with the Clerk as ordered they will be delivered to counsel for the defendant before they are given any chance whatsoever to object to any ruling which the Court might make on this motion. It was for this reason that the Court inserted specifically in the order of October 21st that plaintiffs could apply for any protective orders they thought necessary in the premises. They did not see fit to do this by proper motion addressed to the Court. Instead, an application for writs of certiorari, mandamus, prohibition and, "any other available relief" was sought in the United States Court of Appeals for the Fifth Circuit. This was their right. On October 30, 1964, the application for writs was denied.

The Court has allowed plaintiffs' counsel ten or twelve days after notice of the denial of their application for writs, within which to comply with our previous order and to file the contested documents with the Clerk. The Court has not undertaken to decide anything with regard to the right of defendant to require the production for inspection and copying of any of the exhibits which are the subject of this motion. Counsel for plaintiffs, although ample time has been afforded them to do so, steadfastly refuse to comply with what this Court believes to be a completely lawful and reasonable order.

The position taken by plaintiffs, through their attorneys, can now be considered in no other light than that of being in active contempt of the orders of the Court, and we so hold.

No application having been made for any protective order to delay execution of any ruling that the Court might make unfavorable to them on the motion, to permit appeal, it necessarily follows that plaintiffs' counsel do not believe that such an order would be granted, or, if granted, that it would be honored. This is implicit from the letter dated October 9th, 1964, annexed as Appendix "A".

We do not believe that this court is subject to being monitored by any attorney in the study of matters taken under advisement for subsequent ruling. We recognize the fact that dismissal is a harsh remedy and that the plaintiffs in this case are probably completely unaware of the situation in which their lawsuit has become embroiled. But this

Court is responsible for the orderly dispatch of its business, and in fulfilling that responsibility it has an unquestionable right to impose sanctions when its lawful orders are wilfully disobeyed.

■ It has long been recognized and it is a cardinal principle of our judicial system that dismissal with prejudice may be imposed for disobedience of an order of the Court which does not amount to an arbitrary abuse of the discretion vested in us. This power is inherent in the Court, as well as being recognized in our procedural rules in the United States Courts. See: Fed.R.Civ.P., Rules 41(b), 78 and 83, 28 U.S.C.A.; Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), holding that involuntary dismissal may be entered sua sponte as a result of the inherent power of the Court, and is not limited by Rule 41(b) to cases in which the opposing party moves for dismissal; First Iowa Hydro-Electric Co-op. v. Iowa Illinois Gas & Elec. Co., 245 F.2d 613 (8 Cir. 1957) cert. den., 355 U.S. 871, 78 S.Ct. 122, 2 L.Ed.2d 761, dismissal for failure to give security and testimony on depositions as ordered; O'Brien v. Sinatra, 315 F.2d 637, pp. 641, 642 (9 Cir. 1963), dismissal for failure to comply with Court's order to file amended complaint; Agnew v. Moody, 330 F.2d 868 (9 Cir. 1964), noncompliance with order to replead to comply with Rule 8(a), Fed.R.Civ.P. Cf. Societe Internationale, etc v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed. 1255 (1958); Vol. 35B, C.J.S. Federal Civil Procedure § 798, p. 73.

■ Under Fed.R.Civ.P., Rules 78 and 83, 28 U.S.C.A. our orders of September 17th and October 21st were issued to provide for the expeditious conduct of this action, the local rules of the Western District of Louisiana being silent on such matters. The documents were ordered filed with the Clerk, who is the custodian of such exhibits under local rule 10(d), supra, and were to be held for the inspection of the Court only.

■ The actions of plaintiffs' attorneys are not due to inadvertence or neglect, but are, rather, deliberate and conscious. The plaintiffs, then, must be held responsible for them. Link v. Wabash Railroad Company, supra.

The suit is apparently based on diversity of citizenship, 28 U.S.C.A. § 1332(a), and the Louisiana Direct Action Statute, LSA-R.S. 22:655. We direct the involuntary dismissal of the suit pursuant to Fed.R.Civ.P., Rule 41(b), 28 U.S.C.A., at plaintiffs' costs, such dismissal not to be considered an adjudication on the merits. See our decree, separately issued.

### JUDGMENT

For written reasons assigned, it is ordered and decreed that the above-captioned and numbered cause be, and the same is hereby involuntarily dismissed, and that plaintiffs, Mr. and Mrs. Rufus Marshall, Jr., pay all costs.

It is further ordered and decreed that this dismissal shall not be considered as an adjudication upon the merits of the claims of such plaintiffs against defendant in this action.

It is further ordered and decreed that this dismissal be without prejudice to the rights of plaintiffs to refile this suit in any court of competent jurisdiction, other than the United States District Court for the Western District of Louisiana.

Appendix "A"
October 9, 1964
Mr. C. R. Broussard, Deputy Clerk
United States District Court
Lafayette, Louisiana

Dear Mr. Broussard:

We have received your letter of October 8, 1964, referring to the case of Marshal versus Southern Farm Bureau Casualty Company, Civil Action No. 9606.

In response to the ruling of the court, we turned over the depositions together with a letter explaining that an examina-

tion of these depositions would readily disclose that we should not be called upon to produce for inspection and copying the plats or the statements of the witnesses. If Judge Putnam will examine those depositions, we feel that he will come to the same conclusion, and will be satisfied with this return.

We are willing at any time, in response to call, if the court insists, to bring to Judge Putnam the plats referred to, in order that he may examine same at that time, and return them to us. We cannot surrender them to the possession of anyone else, as the court might then order their production, and if they were out of our hands, we would be unable to take any further steps to prevent such disclosure.

This applies with even greater force as regards the statements of witnesses. Some months ago, we represented plaintiffs in a suit in your court against the Southern Pacific Railway, and we asked counsel for the railroad to produce copies of statements taken from railroad employees, inasmuch as these employees would not talk willingly to us. The court not only declined to order the railroad to produce such statements, but also prohibited us from talking with such witnesses except in the presence of defendant's counsel. We sincerely wish to avoid any controversy with the court, and we had attempted to avoid it by turning over the depositions with the accompanying explanation, but before we permit one rule to be applied to adversaries and a different rule to be applied to us, we have an obligation to our clients to at least seek judicial review.

The statements of the witnesses referred to are, for the most part of witnesses friendly to defendant, and all these witnesses are available to defendant, who apparently has taken statements from them.

We would be most happy if the court would consider our surrender of the depositions and our explanation in connection therewith to be sufficient compliance with the order of the court, as our professional obligation to our clients requires that we not do more without seeking review of any order that seeks to compel us to do so.

With kind regards, we remain,

Very truly yours,
SIMON & TRICE
By ————————
Phil Trice

PT:ir

cc: Honorable Richard J. Putnam,
Judge, United States District Court
Lafayette, Louisiana

cc: Honorable Alton L. Curtis, Clerk
United States District Court
Post Office Box 106
Shreveport, Louisiana