**UNITED STATES of America, Plaintiff-Appellant,**

v.

**INTER-AMERICAN SHIPPING CORPORATION, Defendant-Appellee.**

**No. 71-2846**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 3, 1972.

---

* Honorable Damon J. Keith, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Robert W. Rust, U. S. Atty., Miami, Fla., Allen van Emmerik, Atty., Adm. & Shipping Section, Dept. of Justice, Washington, D. C., Eloise E. Davies, Walter H. Fleischer, Dept. of Justice, Washington, D. C., L. Patrick Gray, III, Asst. Atty. Gen., for plaintiff-appellant.

Nestor Morales, Miami, Fla., for defendant-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Plaintiff United States filed a complaint on December 20, 1970 seeking civil penalties for violations of the Shipping Act, 46 U.S.C. §§ 801–842. Defendant Inter-American filed an answer, which was withdrawn later, stating that the parties were negotiating and neither admitting nor denying the allegations of the complaint. The parties then submitted to the District Court a stipulation that, because they were negotiating and required a reasonable time in which to effect negotiations, the defendant was to have 30 days after plaintiff served a demand in which to file an answer. The stipulation was accepted by the District Judge on March 3, 1971 with his additional notation that "[i]n no event shall defendant answer the complaint later than May 15, 1971." No answer was forthcoming by May 15.

On June 16, 1971 on its own motion the court ordered a hearing held on June 18 to show cause why the action should not be dismissed for failure to comply with the court's March 3 order. At the hearing the court dismissed the case on its own motion "without prejudice."

On July 20, 1971 plaintiff moved pursuant to Fed.R.Civ.P. 60(b) (6)[1] to vacate the order of dismissal and reinstate the action on the ground that the dismissal in effect was with prejudice because the applicable five-year statute of limitations had run three days before the order of dismissal, thereby possibly

1. "On motion and upon such terms as are just the court may relieve a party from a final judgment, order or proceeding for . . . (6) any . . . reason justifying relief from operation of the judgment."

leaving the government without a remedy. No ruling having been made on its motion by August 13, 1971, plaintiff filed this appeal seeking to have the June 18 order vacated and the case reinstated on the court's calendar.

 If the dismissal is viewed as resulting from the defendant's failure to obey the order to answer no later than May 15, 1971, it penalizes the party not at fault and is therefore improper. Dismissal is a sanction reserved for plaintiffs' defaults. Fed.R.Civ.P. 41(b). Normally a defendant's failure to defend results in default judgment upon motion of the plaintiff. Fed.R.Civ.P. 55.

■ Dismissal may be proper where plaintiff has failed to prosecute his action. Whether such a dismissal can stand depends upon whether the trial court has acted within the limits of its discretion. Link v. Wabash R. Co., 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734, 739 (1962).[2] Although discretionary, dismissal generally has been permitted "only in the face of a clear record of delay or contumacious conduct by the plaintiff." Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967). See Flaksa v. Little River Marine Constr. Co., 389 F.2d 885 (5th Cir.), cert. denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968).

No clear record of delay appears here. On the contrary, only six months elapsed between the filing of the complaint and the order of dismissal, and of that time only the last month was a period of unauthorized delay. Compare Link v. Wabash R. Co., *supra*, in which dismissal was upheld, where the case had been pending for three years, and, after several delays, plaintiff's counsel failed to appear for a pretrial conference without a reasonable or timely excuse.

■ As for contumacious conduct, the record discloses none.[3] Dismissal was an abuse of discretion. Council of Federated Organizations v. Mize, 339 F. 2d 898, 900 (5th Cir. 1964).

Accordingly, we vacate and remand with directions to reinstate the complaint on the calendar as of the date of filing. Costs are equally divided.

2. The standard announced in Link v. Wabash R. Co. applies in the context there present of dismissal with prejudice. Here the court ordered dismissal without prejudice. The *Link* standard nevertheless is appropriate since the plaintiff's 60(b) (6) motion indicated a substantial possibility of serious prejudice to any lat-

er attempt to file the complaint, despite the court's evident intent that no such prejudice result from its order.

3. It is difficult to understand how the defendant's failure to file a timely answer could constitute contumacious conduct on the part of the plaintiff.