**E. F. HUTTON & COMPANY, Inc.,**
**Plaintiff-Appellee,**

v.

**Wesley J. MOFFATT, d/b/a Wesco &**
**Company, Defendant-Appellant.**

**No. 72–1018**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 30, 1972.

Norman Francis Haft, Miami, Fla., for defendant-appellant.

John L. Britton, Feibelman, Friedman, Britton & Stettin, Miami, Fla., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

E. F. Hutton & Company, Inc. sued Moffatt for stock conversion eventuating from an alleged mismailing of stock. By order of April 26, 1971, the district court allowed Moffatt's counsel to withdraw. On August 26, the court scheduled the pre-trial conference for October 28, 1971. On October 21, Moffatt's new counsel entered his appearance, moved to postpone the pre-trial conference, and for an extension of time for discovery. Counsel filed no pre-trial stipulation nor did he appear at the pre-trial conference. When he did not appear, the district court entered a final default judgment against Moffatt for 70,429.80 dollars plus costs. It does not appear that the court took any other action with reference to counsel's motions.

Counsel, in his motion to set aside the judgment, stated that he had mistakenly believed November 28 to be the date of the pre-trial conference. (His motion to postpone such conference did not set out any specific date.) The district court denied the motion stating:

Defendant had five months between the time his first attorney withdrew and the time of the appearance of new

* ▮ Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of
N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

counsel, seven days prior to the pre-trial conference. It appears to the court that when a defendant waits five months to procure counsel the week before the pre-trial conference he must be willing to accept a default when newly acquired counsel is unable to convince the court of the propriety of a continuance.

■ The entry of judgment by default is a drastic remedy and should be resorted to only in extreme situations. Pond v. Braniff Airways, Inc., 453 F.2d 347 (5th Cir. 1972); Flaksa v. Little River Marine Construction Co., 389 F.2d 885, 887 (5th Cir. 1968). It is only appropriate where there has been a clear record of delay or contumacious conduct. *Id.* at 888.

■ The single mistake of counsel as to the pre-trial conference date certainly will not suffice for such a showing. The mere fact that the defendant did not employ a new attorney for five months and until one week before the pre-trial conference does not constitute such a requisite clear record. We have no indication from the judge's ruling or any part of the proceedings below as to the cause of the delay. Although intentionally dilatory tactics to evade facing a serious or indefensible claim may account for the delay, it might equally as well have been caused by any number of less reprehensible reasons. Faced only with such a speculative basis for the action taken, the entry of judgment by default amounted to an abuse of the court's discretion and must be vacated.

This vacation is without prejudice to the development of proof of defendant's activities during the period of delay in employment which would show his motives to be solely dilatory or contumacious, or to the imposition of such other sanctions as the district court, in the exercise of its sound discretion, may deem appropriate.

Vacated and remanded.