**BONANZA INTERNATIONAL, INC. and Stewart Investments, Incorporated, Plaintiffs-Appellees,**

v.

**Joseph Charles CORCELLER, Jr.,**
**Defendant-Appellant.**

No. 73–1629

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 5, 1973.

Rehearing Denied Aug 6, 1973.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

See also D.C., 343 F.Supp. 14.

---

Louis R. Koerner, Jr., New Orleans, La., for defendant-appellant.

Phillip A. Wittmann, Michael R. Fontham, New Orleans, La., for Bonanza Intern., Inc.

Herschel L. Abbott, Jr., New Orleans, La., for Stewart Investments, Inc.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Plaintiff brought this action for trademark infringement, unfair competition, and breach of contract in the operation of a low-cost steak dinner restaurant. After a full hearing, the Court entered a preliminary injunction against defendant. Thereafter, the Court entered a default judgment on the merits against defendant for his failure to file an answer for more than ten months after the expiration of the allotted time under the Federal Rules of Civil Procedure, his flagrant violations of the Court's orders, and the Court's findings of fact and conclusions of law. Defendant appeals. We affirm.

We find no abuse of the discretion permitted the trial court on matters of this kind. Moldwood Corp. v. A. B. Stutts, 410 F.2d 351 (5th Cir. 1969).

The defendant failed to file an answer for nearly eleven months after the appropriate deadline. Rule 55, F.R.Civ.P., permits entry of a default as the consequence of failure to comply with Rule 13, F.R.Civ.P., requiring an answer within twenty days after service of the summons and complaint. See 3 W. Barron & A. Holtzoff, Federal Practice & Procedure, § 1211 et seq. The record reveals that the defendant had ample notice as required by Rule 55.

There is evidence, moreover, that defendant refused to obey the Court's orders, and such action constitutes sufficient grounds for a default judgment. See McGrady v. D'Andrea Electric, Inc., 434 F.2d 1000 (5th Cir. 1970); Flaksa v. Little River Marine Construction Co., 389 F.2d 885 (5th Cir.), cert. denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968).

Defendant elected not to appear at a full hearing on the question of damages. Damages awarded pursuant to default cannot be questioned for the first time upon appeal. Hopkins v. McClure, 148 F.2d 67 (10th Cir. 1945).

Affirmed.