George BROWN, Plaintiff-Appellant,

v.

Harlan E. O'LEARY, the First National Bank of Hereford, Hereford, Texas, and William P. Maroski, Defendants-Appellees.

No. 74–4018
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 5, 1975.

Robert Scogin, Kermit, Tex., for plaintiff-appellant.

Mitchell Esper, El Paso, Tex., for Wm. P. Maroski.

Glenn E. Woodard, El Paso, Tex., for Harlan O'Leary.

James W. Witherspoon, E. Hazen Woods, Jr., Hereford, Tex., for 1st Nat'l Bk. of Hereford.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This diversity damage suit was specially set for trial on June 17, 1974, before The Honorable Ernest Guinn. On June 9, 1974, Judge Guinn expired. The Clerk advised Scogin, counsel for plaintiff, that he would be notified of a new trial date. In mid-September, 1974, plaintiff's coun-

1. The Findings of Fact and Conclusions of Law of the trial court are reported at 370 F.Supp. 282.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.; 5 Cir. 1970, 431 F.2d 409, Part I.

sel learned by chance and later confirmed that the action had been dismissed *sua sponte* by the district court on July 31, 1974, for want of prosecution because of the failure of Scogin to appear at a docket call. Counsel promptly filed a motion to reinstate the cause, later supported by an affidavit, on the ground that he had received no notice of the July docket call and that he would be prepared to try the case at any time set by the Court. Interrogatories and answers had been filed, depositions completed, and proposed pretrial orders submitted. Notwithstanding counsel's representation of lack of notice, the Court denied plaintiff's motion to reinstate the cause. We reverse.

There is no evidence of a false claim or dilatory action by plaintiff's counsel. On the contrary, discovery had been completed and the cause was ready for trial within five months after it was filed. For aught that appears, although the Clerk may have mailed the notice, counsel for plaintiff did not receive it.

We have repeatedly said that, while we will not disturb the district court's exercise of sound discretion in keeping its calendar under control, we will not approve sanctions that are not commensurate with the dereliction. Link v. Wabash Railroad Co., 1962, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734; Flaksa v. Little River Marine Const. Co., 5 Cir. 1968, 389 F.2d 885. *See* Fed.R.Civ.P. 41(b), Durham v. Florida East Coast Ry. Co., 5 Cir. 1967, 385 F.2d 366; Council of Federated Organizations et al. v. Mize, 5 Cir. 1964, 339 F.2d 898. Here, instead of dereliction there was diligence, a lost or misdelivered notice, no motion for default, and no showing of prejudice to any party. Yet the court refused to reinstate its *sua sponte* dismissal. This was clearly an abuse of discretion.

The judgment is reversed and this cause is remanded to the district court with directions to reinstate the case on the docket for trial on the merits.

Reversed and remanded with directions.