**BEACON GASOLINE COMPANY**

v.

**SUN OIL COMPANY et al.**

**Civ. A. No. 750894.**

United States District Court,
W. D. Louisiana,
Shreveport Division.

Feb. 10, 1977.

Dewey W. Corley, Cook, Clark, Egan, Yancey & King, Shreveport, La., for plaintiff.

R. Laurence Macon, Cox, Smith, Smith, Hale & Guenther, San Antonio, Tex., for Wayne T. Weber.

Henley A. Hunter, Eatman & Hunter, Shreveport, La., for Analytical Logging.

Robert K. Mayo, Greene, Ayres & Mayo, Shreveport, La., for Amoco Production.

Milton Schwartz, Schwartz, Judice & Farrell, Houston, Tex., for Cayman Corp. & Cayman Expl. Corp.

Michael F. Kelly, LaBorde & Lafargue, Marksville, La., for Tidewater Compression.

Ben E. Coleman, Skeels, Baker & Coleman, Shreveport, La., for Halliburton.

Frank S. Kennedy, Naff, Kennedy, Goodman, Stephens & Donovan, Shreveport, La., for defendants Munson and Euramerica.

Charles L. Mayer, Mayer, Smith & Roberts, Shreveport, La., for Billy D. Pyron.

Donald Guinn, Potter, Lasater, Guinn, Minton & Knight, Tyler, Tex., for Calif. Liq. Gas.

John W. Wilson, Oliver & Wilson, Monroe, La., for Sun Oil & Thos. S. Sale, Jr.

John T. Pirkle, in pro. per.

Robert W. Hastedt, in pro. per.

RULING ON MOTION

DAWKINS, Senior District Judge.

At issue herein is a motion by Sun Oil Company filed on January 26, 1977, to reinstate defaults entered against named defendants E. P. Munson, Jr., and Euramerica 1973 on January 19, 1977.

Plaintiff filed this statutory interpleader action in August, 1975. In November, 1975, plaintiff amended its complaint to add defendants Munson and Euramerica who subsequently were served with process in December, 1975. These defendants were defaulted on January 19, 1977, for failure to file answers to plaintiff's complaint.

After this bomb nearly exploded in their faces they finally filed answers with leave of Court on January 25, 1977.* Sun Oil, a claimant to the interpleaded funds, as are Munson and Euramerica, argues that the default against them should be reinstated due to their dilatory answers.

In their answers, defendants have presented facts sufficient to state a claim to recover part of the interpleaded amount. We feel that though defendants' answers were extremely dilatory, it would be too harsh to maintain the defaults in the face of their apparent readiness now. Moreover, the other claimants to the fund on deposit in the Registry of this Court have not presented evidence that they were prejudiced by the delay. *Graves v. Kaiser Aluminum & Chemical Company,* 528 F.2d 1360 (5th Cir., 1976); *E. F. Hutton & Company v. Moffatt d/b/a Wesco & Company,* 460 F.2d 284 (5th Cir., 1972).

Sun Oil cites *Bonanza International, Inc., v. Corceller,* 480 F.2d 613 (5th Cir., 1973), cert. denied 414 U.S. 1073, 94 S.Ct. 587, 38 L.Ed.2d 479 (1973), in support of its argument that defendants should not be allowed to answer at this late stage. In *Bonanza* defendant had not answered for eleven months after the filing of plaintiff's complaint, but that defendant's untimeliness was only one reason for the Court's sustaining the default. He apparently also refused to obey Court orders and elected not to appear at a full hearing concerning the issue of damages after the entry of default. We feel that the latter two reasons were important aggravating circumstances moving the Court to sustain the default. Here, we have defendants' delay without the more serious errors found in *Bonanza,* and no harm has been caused to Sun or the other interpleaded defendants.

The recent decisions listed *supra* show a clear preference for parties having their day in Court, rather than rigidly enforcing rules concerning timeliness; however, we cannot overemphasize the importance of procedures enacted to assure speedy as well as fair trials.

For the above reasons, we deny Sun Oil's motion to reinstate the default against Munson and Euramerica. We expressly find that these defendants committed error by filing their answers late, but, as a matter of equitable discretion, we must tip the scales in favor of a trial on the merits rather than the harsh remedy of default.

---

* Pursuant to our Local Rule 27C(3):

"C. *Default Judgment.* In addition to the provisions of Rule 55 of the Federal Rules of Civil Procedure, the following rules shall apply to default judgments:

"1. All requests for entry of default shall be made to the Clerk in writing;

"2. The Clerk shall mail by regular mail notice of entry of default to each defendant or his attorney at his last known address;

"3. A judgment of default shall not be entered until ten (10) calendar days after entry of default."

Thus, these defendants filed their answers within the ten-day period provided for in our Rule. The defaults were not final judgments; they simply notified defendants that, if no answer was filed timely after entry of default, a final judgment could be entered against them.