**Louis Edward GREEN,**
**Plaintiff-Appellant,**

v.

**FORNEY ENGINEERING COMPANY,**
**Defendant-Appellee.**

**No. 77–1239.**

United States Court of Appeals,
Fifth Circuit.

Feb. 8, 1979.

Ingraham, Circuit Judge, filed opinion concurring specially.

Fred J. Finch, Jr., Dallas, Tex., for plaintiff-appellant.

C. Lewis Hoffner, Plano, Tex., Ernest E. Figari, Jr., Dallas, Tex., for defendant-appellee.

Before INGRAHAM, GEE and FAY, Circuit Judges.

FAY, Circuit Judge:

Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e), a person seeking relief from employment discrimination is required to file a claim with the Equal Employment Opportunity Commission within 180 days after the alleged discriminatory act has occurred.[1] Under the Civil Rights

---

1. 42 U.S.C. § 2000e–5 reads in relevant part:
 (e) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against

Act of 1866, 42 U.S.C. § 1981,[2] a person seeking relief from employment discrimination must file suit within the time allotted by the applicable statute of limitations.[3] This appeal raises the question of whether the district court was correct in dismissing the suit by appellant Louis Edward Green alleging violations of § 2000e–5(e) and § 1981.

## I. PROCEDURAL HISTORY

Appellant filed his complaint on April 6, 1976 alleging discrimination on the basis of race for failure of his employer to promote him on September 20, 1974 to warehouse supervisor, a position for which Green claimed he was better qualified than the white person who was actually promoted. Forney Engineering filed an answer asserting, among other things, that the complaint failed to state a claim upon which relief could be granted and that the district court lacked subject matter jurisdiction. On April 23, 1976, the same date it filed its answer, Forney Engineering filed a set of interrogatories and requests for production of documents which were served on Green.

Appellant did not answer the interrogatories on May 31, 1976 when the response was due but rather waited until September 8, 1976 to respond. Forney Engineering had filed a motion to compel answers to interrogatories on June 24, 1976. This motion was not withdrawn after Green's answers to interrogatories in September, 1976 because, appellee alleges, the answers were unresponsive, evasive and intentionally incomplete. In a letter dated November 6, 1976, the district court notified counsel of record that the motion to compel would be heard on November 17, 1976. Thereafter, on November 9, 1976, the district court notified counsel that the pending motion would be rescheduled for November 30, 1976. On November 30, 1976, the district court heard Forney Engineering's motion to dismiss which was supported by an affidavit of Forney's Director of Industrial Relations. Neither Green nor his counsel were present at this hearing.

On that same day, the district court wrote to counsel for Green stating, "This Court heard oral argument this morning on defendant's motion to compel and to dismiss. Since you were not present, and defendant's motion to dismiss was not originally scheduled for hearing, I will withhold ruling on the motion to dismiss for 10 days so that you may file a memorandum in reply to the motion." (1st Supp.R. 2—Exhibit E).

There was no response by appellant to the letter of the district court judge mentioned above.[4] On December 15, 1976, the district court entered an order dismissing the action but stating no grounds for the

whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

2. 42 U.S.C. § 1981 reads in relevant part:

 All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and en-

force contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

3. "Since there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under § 1981, the controlling period would ordinarily be the most appropriate one provided by state law." *Johnson v. Railway Express Agency,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975).

4. Appellee does not dispute the timeliness of the filing in federal court after receipt of the right to sue letter. Instead, appellee argues that more than 180 days elapsed between the date of the alleged discriminatory act and the filing of the charge with the EEOC.

dismissal. Green filed a timely appeal to this Court on January 14th, 1977.

## II. SUBJECT MATTER JURISDICTION

■ There are two jurisdictional prerequisites to filing a suit in federal court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e): 1) the filing of a complaint with the EEOC and 2) the receipt of the statutory notice of right to sue. *Beverly v. Lone Star Lead Const. Corp.*, 437 F.2d 1136, 1139–40 (5th Cir. 1971). In a motion to dismiss supported by an affidavit, appellee Forney Engineering Corp. alleged that appellant had not complied with the requirement of Title VII that a complaint be filed with the Equal Employment Opportunity Commission (EEOC) within 180 days of the discriminatory act. Appellee alleged that because the claim was not timely filed, the district court lacked subject matter jurisdiction.

Although the district court's order does not state the basis for its dismissal, we assume that the trial judge decided both that there was no subject matter jurisdiction[5] under 42 U.S.C. § 2000e–5(e) and that appellant failed to state a claim upon which relief could be granted[6] under 42 U.S.C. § 1981 since both claims were dismissed.

■■ A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction cannot be converted into a motion for summary judgment.[7] However, it is clear that a district court may consider outside matters which are attached to a motion to dismiss without first converting it into a motion for summary judgment "if the material is pertinent to the question of the District Court's jurisdiction since it is always the obligation of a federal court to determine if it has jurisdiction." *State of Alabama ex rel. Baxley v. Woody*, 473 F.2d 10, 12 (5th Cir. 1973). Even if the affidavit of Forney's Director is considered, it does not show lack of subject matter jurisdiction. For instance, the complaint alleges that on or about September 20, 1974, appellant asked to be promoted to *warehouse supervisor* but this position was instead given to a white employee who was not as well qualified as Green for that position. The affidavit attached to the motion to dismiss does not controvert Green's allegations but rather states that the position of *warehouse leadman* was filled by an employee who had seniority to Green and that this occurred February 10, 1973. It may well be that Green could have had a claim of discrimination on February 10, 1973 for not having been promoted to warehouse leadman but it is obvious that he did not file a timely claim regarding this position in 1973. However, nothing in the affidavit controverts Green's allegation of discrimination on September 20, 1974 for failure of Forney Engineering to promote him to the position of warehouse supervisor. Whether the terms "warehouse supervisor" and "warehouse leadman" are interchangeable we cannot determine. Thus, we must hold that taking the complaint and the affidavit at face value, nothing at this point would indicate lack of subject matter jurisdiction in the district court.[8] Dismissal for lack of subject matter jurisdiction was improper.

Nothing said herein restricts in any way the continuing obligation of the trial court to examine the question of jurisdiction and make appropriate rulings based upon any supplemental information.

## III. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

■ A motion to dismiss for failure to state a claim upon which relief can be

---

**5.** Fed.R.Civ.P. 12(b)(1).

**6.** Fed.R.Civ.P. 12(b)(6).

**7.** However, a Rule 12(b)(6) motion must be converted into a motion for summary judgment if matters outside the pleadings are considered.

**8.** Forney Engineering argues that once the allegations of a pleading are controverted, the burden of establishing jurisdiction is on the party seeking to invoke the jurisdiction of the court. As we have already noted, however, the allegations of Green's complaint were uncontroverted by Forney's answer to the complaint or by Forney's affidavit.

granted must be treated as a motion for summary judgment if matters outside the pleadings are considered. *See generally* 2A Moore's Federal Practice, ¶ 12.09, at 2287–2313 (2d ed. 1975). "The motion, considered as one for summary judgment under Fed.R. Civ.P. 56, should be granted only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law'." *Tuley v. Heyd*, 482 F.2d 590, 593 (5th Cir. 1973). Thus, in order to determine if there are issues of material fact, we must pierce the allegations in the pleadings.

██ We do not know whether, in deciding that no claim for relief was stated under § 1981, the district court relied on the affidavit of Forney's Director attached to the motion to dismiss. We do know that the applicable Texas statute, Vernon's Tex. Civ.Stat.Ann. art. 5526, provides a two year statute of limitations for the § 1981 claim. *Dupree v. Hutchins Bros.*, 521 F.2d 236, 237–38 (5th Cir. 1975). If we assume that only the complaint was considered to determine the outcome of the Rule 12(b)(6) motion, there would be no statute of limitations bar since two years had not elapsed from September 20, 1974, the time of the discriminatory act as alleged in the complaint, and April 6, 1976, the time the suit was filed. If we assume the district court considered the affidavit and answers to interrogatories, there is still no basis for holding that Green failed to state a claim upon which relief could be granted. As we have stated above, the affidavit of Forney's Director does not controvert Green's allegations in any manner and Green's answers to Forney's interrogatories, particularly answer 9(B), only buttresses the assertion that

the discriminatory act occurred on September 20, 1974, which would bring the suit within the two year statute of limitations.

We need not determine whether the safeguards of Fed.R.Civ.P. 56 were complied with in this case,[9] assuming matters outside the pleadings were considered, since we find no basis from which the district court could have determined that Green failed to state a claim upon which relief could be granted.

We will not speculate as to whether or not summary judgment may be proper in the future but find the present record insufficient to support summary judgment.

### IV. FAILURE TO PROSECUTE

██ It is clear that a federal district court has inherent power to dismiss a plaintiff's action with prejudice because of failure to prosecute. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Lopez v. Arkansas Ct. Independent Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978).

> The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

370 U.S. at 630–631, 82 S.Ct. at 1389.

██ Although discussed at great length in the briefs and at oral argument, the record reflects that the issue of failure to prosecute was not raised by the court *sua sponte* and was not brought to the court's attention by defendant's attorney through a proper motion. We must caution appellant's counsel that if he feels he will be unable, for health reasons or otherwise, to

---

**9.** If a Rule 56 motion for summary judgment is made, this motion must be served at least 10 days before the time fixed for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. Supporting and opposing affidavits must be made on personal knowledge, setting forth facts that would be admissible in evidence and must show affirmatively that affiant is competent to testify to the matters stated in the affidavit. When a summary judgment motion is made and supported as provided in Rule 56, the adverse party may not rest upon the mere allegations or denials of his pleading but his response by affidavits or otherwise, must show that there exists a genuine issue of material fact. See Fed.R.Civ.P. 56(c) and (e).

adequately represent his client he has the duty to withdraw from the case. Although it is well within the district court's power to dismiss for failure to prosecute,[10] we decline to make a determination on this matter because we find no mention of this by the trial court in its dismissal order.

## V. CONCLUSION

We make no determination on the alleged lack of prosecution by appellant's counsel since we find no indication by the trial judge that this was the basis for his dismissal.

Finding nothing at this time which would indicate that the court lacked subject matter jurisdiction under 42 U.S.C. § 2000e–5(e), and finding nothing at this time which would indicate failure to state a claim for relief under 42 U.S.C. § 1981, we REVERSE and REMAND for further proceedings.

INGRAHAM, Circuit Judge, concurring specially.

I concur in the result but would reach the issue of lack of prosecution. Although the district court's December 15, 1976, order of dismissal was entered without explanation, the order may fairly be read as a Rule 41(b) dismissal for lack of prosecution. First, appellee's June 24, 1976, motion to compel appellant to answer interrogatories was pending at the time of the dismissal. Second, the dismissal followed the failure of appellant's counsel to appear at a pretrial conference on November 30, 1976, or to respond to the court's request for a reply memorandum on appellee's Rule 12(b)(1) motion to dismiss.

A Rule 41(b) dismissal "is a drastic remedy to which a court may resort only in extreme situations." *Silas v. Sears, Roebuck & Co., Inc.,* 586 F.2d 382 (5th Cir. 1978). The sanction is appropriate only where there is "a clear record of delay or contumacious conduct by the plaintiff." *Durham v. Florida East Coast Railroad Co.,* 385 F.2d 366, 368 (5th Cir. 1967). Other-

wise, dismissal is an abuse of discretion. *Flaksa v. Little River Marine Construction Co.,* 389 F.2d 885, 887 (5th Cir. 1968).

This is not a case of protracted delay or total inactivity by a plaintiff. *See Ramsay v. Bailey,* 531 F.2d 706, 709 (5th Cir. 1976); *Murrah v. Fire Insurance Exchange,* 480 F.2d 613 (5th Cir. 1973). Only eight months elapsed between the filing of the complaint and the order of dismissal. *See United States v. Inter-American Shipping Corp.,* 455 F.2d 938, 940 (5th Cir. 1972). Appellee served interrogatories upon appellant on April 23, 1976, which were answered, albeit tardily, on September 8, 1976. Other than the late filing of interrogatory answers, appellant's only unauthorized delay was the two week period immediately preceding the dismissal. *See id.*

A legitimate excuse for the unauthorized absence of appellant's counsel would belie classification of his conduct as "contumacious." *See, e. g., Silas,* at 386; *In re Liquid Carbonic Truck Drivers Chemical Poisoning Litigation,* 580 F.2d 819 (5th Cir. 1978). According to appellant's counsel's affidavit explanation of his absence, which has not been disputed, he was away from his office from November 12, 1976, until after December 15, 1976, because of a gall bladder operation and related medical complications. He claimed that he was unaware of the November 30, 1976, pretrial conference and the court's request for a reply memorandum until he learned of the dismissal. Since the non-appearance of appellant's counsel was not in deliberate disobedience of the court, his conduct was not "contumacious." *See Coon v. Charles W. Bliven & Co., Inc.,* 534 F.2d 44, 48 (5th Cir. 1976); *Brown v. O'Leary,* 512 F.2d 485, 486 (5th Cir. 1975).

Moreover, the appellant was in no way connected with or responsible for his counsel's absence. "Dismissal is generally inappropriate and lesser sanctions are favored where neglect is plainly attributable to an attorney rather than to his blameless client." *Silas,* at 385. *Accord, Hassenflu v. Pyke,* 491 F.2d 1094, 1095 (5th Cir. 1974); *Flaksa,* 389 F.2d at 889.

10. *See generally Silas v. Sears, Roebuck & Co., Inc.,* 586 F.2d 382 (5th Cir. 1978).

Although I do not condone the failure of appellant's counsel to notify the court or opposing counsel of his physical inability to proceed with the case, I would hold that the district court's dismissal for lack of prosecution was an abuse of discretion.