In re J. M. GARRETT, Debtor.

OWENS–ILLINOIS, INC., Plaintiff,

v.

J. M. GARRETT, Defendant.

Bankruptcy No. B79–2591A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

April 15, 1980.

Frank W. Scroggins, Hicks & Scroggins, Atlanta, Ga., for J. M. Garrett.

B. Lee Crawford, Jr., O'Callaghan, Saunders & Stumm, Atlanta, Ga., for Owens-Illinois, Inc.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

This matter came before the Court on "Motion to Allow Answer" filed by Defendant J. M. Garrett on January 24, 1980 and "Motion for Default Judgment" filed by

Plaintiff Owens-Illinois, Inc. on February 4, 1980. The Court having considered the briefs submitted by the parties and the pleadings on file, makes the following decision:

## FINDINGS OF FACT

1. J. M. Garrett (hereinafter referred to as "Debtor") filed a voluntary petition in bankruptcy on August 29, 1979.

2. A "Complaint to Determine Dischargeability of Debt" was filed on December 14, 1979 by Owens-Illinois, Inc. (hereinafter referred to as "Plaintiff").

3. Debtor failed to file a motion or answer to Plaintiff's Complaint on or before January 14, 1980 as required by the Summons and Notice of Pre-Trial Conference.

4. A "Motion to Allow Answer" was filed by Debtor on January 24, 1980. This motion alleges that Debtor's counsel dictated an answer on January 12, 1980, but due to a malfunction of the dictaphone said answer was not transcribed and filed. It is further contended that Debtor's counsel did not discover this malfunction until January 24, 1980 whereupon he immediately prepared and filed an answer in this Court. Additionally, it is alleged that Debtor's counsel contacted the flu on or about January 11, 1980 and on that account was in and out of his office.

5. Plaintiff filed a "Motion for Default Judgment" on February 4, 1980.

## APPLICABLE LAW

The Court has before it a motion to allow answer and a motion for default judgment. Because the denial of the motion to allow answer would mandate the entry of a default judgment, the Court shall view the issue presented in the context of the appropriateness of the entry of judgment by default.

The entry of a judgment by default and its counterpart, dismissal, are among the remedies available to facilitate the exercise of the Court's inherent power to manage its affairs. *Flaksa v. Little River Marine Construction Company*, 389 F.2d 885 (5th Cir. 1968) cert. denied 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968). The utilization of either of these remedies is within the sound discretion of the trial court. *Bonanza International, Inc. v. Corceller*, 480 F.2d 613 (5th Cir. 1973) cert. denied 414 U.S. 1073, 94 S.Ct. 587, 38 L.Ed.2d 479 (1973); *Pond v. Braniff Airways, Inc.* 453 F.2d 347 (5th Cir. 1972).

Sanctions imposed by a court must be commensurate with the dereliction. *Brown v. O'Leary*, 512 F.2d 485 (5th Cir. 1975). The sanctions of dismissal and default judgment are drastic remedies to be resorted to only in extreme situations. *E. F. Hutton & Company, Inc. v. Moffatt*, 460 F.2d 284 (5th Cir. 1972); *Durham v. Florida East Coast Railway Company*, 385 F.2d 366 (5th Cir. 1967). The Court must be ever mindful of the litigants' right to be heard. *Council of Federated Organizations v. Mize*, 339 F.2d 898 (5th Cir. 1964); *Woodham v. American Cystoscope Company of Pelham, N. Y.*, 335 F.2d 551 (5th Cir. 1964).

The test applied to determine the appropriateness of dismissal or entry of judgment by default is whether there has been a clear record of delay and contumacious conduct. *E. F. Hutton & Company, Inc. v. Moffatt, supra; Durham v. Florida East Coast Railway Company, supra*. Conduct perceived as warranting the sanction of dismissal or default judgment is generally of a more egregious nature than that involved in the instant case. See *Bonanza International, Inc. v. Corceller, supra*, where the defendant failed to file an answer for nearly 11 months; *Marshall v. Southern Farm Bureau Casualty Company*, 36 F.R.D. 186 (W.D.La.1964) affirmed 353 F.2d 737 (5th Cir. 1966) cert. denied 384 U.S. 910, 86 S.Ct. 1352, 16 L.Ed.2d 363 (1966) where the plaintiffs wilfully refused to turn over maps, statements and depositions to the court for inspection; and *Durgin v. Graham*, 372 F.2d 130 (5th Cir. 1967) cert. denied 388 U.S. 919, 87 S.Ct. 2139, 18 L.Ed.2d 1365 (1967) where the plaintiffs wilfully failed and refused to take a deposition. However, where the dereliction was

unintentional the Fifth Circuit has reversed the imposition of these harsh remedies. See *Woodham v. American Cystoscope Company of Pelham, N. Y. supra,* where an attorney failed to comply with the local rules because he was from another jurisdiction and was unfamiliar with the rules and *Council of Federated Organizations v. Mize, supra,* where the attorneys failed to bring witnesses to a hearing on a temporary injunction because they misunderstood an order which required them to do so.

The record in this case does not disclose delay and contumacious conduct on the part of Debtor's attorney. His failure to file an answer within the required time was not a wilful refusal to comply with proper legal procedure. There is no indication that Plaintiff will be prejudiced if Debtor is permitted to file an answer.

Plaintiff contends that Debtor's motion should be denied because Debtor has shown neither good cause to set aside the default nor a meritorious defense to plaintiff's claim.

 In order to obtain relief from a default judgment the defaulting party must show by a definite recitation of facts that an injustice has been done by the judgment, there is a valid defense to it, and on another trial it is reasonably probable that a different result would ensue. *McGrady v. D'Andrea Electric, Inc.,* 434 F.2d 1000 (5th Cir. 1970); *Moldwood Corporation v. Stutts,* 410 F.2d 351 (5th Cir. 1969).

The Court does not think the rule enunciated in *McGrady* and *Moldwood* is applicable to this case. When a default judgment has been entered, the court has examined the conduct of the defaulting party and has made a determination, in the exercise of its sound discretion, that this remedy is warranted by the facts of the case. It is reasonable to require the defaulting party to produce more than a bare allegation to show that the court has erred in making that determination. However when, as here, the court has not previously considered the matter of whether the conduct of the defaulting party is such that

entry of judgment by default is appropriate, it is sufficient if the defaulting party establishes good cause. for the default and demonstrates diligence in taking steps to rectify the default. This test has been met in the instant case.

CONCLUSIONS OF LAW

1. Because there is no record of delay and contumacious conduct on the part of Debtor's counsel, the Court concludes that entry of judgment by default is inappropriate in this case. Therefore it is

ORDERED that Plaintiff's "Motion for Default Judgment" be and same is hereby denied; and

It is further ORDERED that Debtor's "Motion to Allow Answer" be and same is hereby granted.