786 F.2d 1166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM C. STEVENHAGEN, AND ANDY S. SLABAUGH, Plaintiffs-Appellants
v.
STANLEY I. BOLTZ, Defendant-Appellee.
 84-3856
 United States Court of Appeals, Sixth Circuit.
 2/26/86
 
 N.D.Ohio
 VACATED AND REMANDED
 
 ORDER
 
 1
 BEFORE: JONES and WELLFORD, Circuit Judges, and GILMORE, District Judge.*
 
 
 2
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a) Rules of the 6th Circuit. After examination of the record and the briefs filed by the respective parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Stevenhagen and Slabaugh bring this appeal from the dismissal of their diversity contract action. The case concerns an alleged breach in a contract to buy sewer rights. The district court dismissed the action for failure to prosecute. Specifically, the action was dismissed because the appellants' counsel failed to attend an initial status call of the action. On appeal, the appellants argue that the district court abused its discretion in dismissing for failure to prosecute. The appellee contends that, even if the dismissal for failure to prosecute constitutes an abuse of discretion, the dismissal should be affirmed because an identical case in the Summit County, Ohio, Court of Common Pleas has been compromised and settled.
 
 
 4
 Dismissal of an action for an attorney's failure to comply with a court order is a harsh sanction, which should only be ordered in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff. Carter v. City of Memphis, Tennessee, 636 F.2d 159 (6th Cir. 1980). Dismissal is a sanction of last resort applicable only in extreme circumstances. James v. Graham, 709 F.2d 1457 (11th Cir. 1983).
 
 
 5
 Under the circumstances of this case, it was improper for the district court to dismiss the action for failure to prosecute. The case had been pending only a little over three months. There had been no prior prodding of the plaintiffs by the court or defendant. Although the appellants' attorney did not raise a valid excuse for failing to attend the status call, the failure to appear was only an isolated occurrence which does not warrant dismissal. See Schenck v. Bear, Stearns & Co. Inc., 583 F.2d 58 (2nd Cir. 1978); United States v. Inter-American Shipping Corp., 455 F.2d 938 (5th Cir. 1972). A lesser sanction, such as an assessment of costs, would have been more appropriate.
 
 
 6
 The appellee urges the court to affirm the district court judgment on the basis that a prior state suit settled the action in question. This issue is not properly before this Court. The district court mentioned the state collateral action in its order, but it appears the action was dismissed solely on the basis of failure to prosecute. The issue is not in the proper posture to be addressed on appeal.
 
 
 7
 Accordingly, it is ORDERED that the district court's judgment is vacated and the action remanded pursuant to Rule 9(d)(4), Rules of the 6th Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation