[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10710
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cv-00023-RV-CJK

ANDREW L. BROWN,

                                                        Plaintiff - Appellant,

versus

BLACKWATER RIVER CORRECTIONAL FACILITY,

                                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 21, 2019)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Andrew Brown, proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 lawsuit without prejudice for failure to prosecute or failure to comply with court orders. Brown argues that the district court's dismissal of his action was improper because he attempted to pay the required filing fees and the magistrate judge was prejudiced against him. We affirm the district court's dismissal.

I.

Brown filed a motion for injunctive relief in district court making allegations against staff at Blackwater River Correctional Facility. The magistrate judge reviewing Brown's motion issued an order explaining that Brown had no pending civil action in which he could file the motion. The judge added that, if Brown wanted to bring suit, he must file a complaint and pay the required filing fee, or file an appropriate in forma pauperis (IFP) motion with supporting documents, within 30 days of the order.

Brown filed an amended civil rights complaint under 42 U.S.C. § 1983, alleging (1) racial oppression through attacks by secret white supremacists and (2) deliberate indifference by prison officials who were aware of the dangerous environment that Brown was in. Brown filed his IFP motion, which included only an affidavit in support. The same day, he filed a "Motion of Concern," alleging that he had sent a financial certificate to prison officials that had not been returned.

2

To that motion, he attached both a copy of his request to prison staff for his inmate account statement and a partially obstructed copy of an inmate account statement.

The magistrate judge found that the IFP motion was insufficient because it did not include a consent form or a financial certificate with the printout from Brown's inmate account. The judge noted that Brown had submitted a printout of transactions from his account, but the printout was illegible and was obscured by another receipt. The judge added that prison officials' alleged untimeliness in returning Brown's financial certificate did not excuse his failure to file the required consent form. The judge gave Brown 30 days to pay the filing fee or submit the full IFP motion, reiterating that noncompliance would result in a recommendation of dismissal for failure to prosecute or failure to comply with a court order.

Brown requested and was granted a seven-day extension, but did not file a proper IFP motion or filing fee during that time. The magistrate judge ordered Brown to, within 14 days, "show cause why the matter should not be dismissed" for failure to comply with a court order. Brown filed a "Motion for Re-hearing," alleging improper delay of his case, interference from prison officials by means of destroying his financial certificate, and an error with a docket reference and date on the grant of the seven-day extension. The judge, again warning Brown of dismissal for noncompliance, ordered Brown to pay the filing fee or file a proper IFP motion within 14 days and show cause as to why he had not already done so.

3

Brown filed another IFP motion with an attached consent form and financial certificate. The magistrate judge issued an order granting Brown's IFP motion and ordering him to pay the partial filing fee of $15.95 within 30 days.[1] The magistrate reiterated that "failure to submit the partial filing fee as instructed may result in a recommendation of dismissal of this action and [Brown's] inability to proceed [IFP] in future actions."

After more than 30 days passed, Brown had not submitted the partial filing fee. The magistrate judge again ordered Brown to show cause why the case should not be dismissed. Brown appealed the order;[2] the magistrate judge denied the appeal because the order was not a final disposition. Brown also filed a "Motion for Objection Rule 72," objecting to the denial of an extension of time, alleging that the magistrate judge had intentionally delayed four of his motions, and stating that the order denying a time extension "appears written by prejudice against [Brown] to protect the secret white supremacist [people at Blackwater]."

Brown again failed to timely comply with the show-cause order. The magistrate judge ordered Brown to submit the partial filing fee and show cause, warning him again that the court would recommend dismissal if he failed to

---

[1] The magistrate judge also denied Brown's motion for an injunction as moot and denied Brown's Motion of Concern, Motion to Disqualify a Magistrate Judge by Chief Justice, and Motion for Change of Venue. Brown filed another motion for rehearing that alleged judicial prejudice stemming from the denial of his motion for an injunction and moved for an extension of time to file more rehearing motions. Both motions were denied.

[2] Brown also filed an unsuccessful interlocutory appeal to this Court.

comply.  Brown paid the partial filing fee the next day and filed a "Motion for Objection" in which he alleged that $34.18 was taken out of his prison account on September 11, but prison officials intentionally prevented the money from being sent in an effort to "deliberately . . . close out the 1983 civil suit that exposes [Blackwater]."  Brown attached his prison account summary showing a $350 lien related to the civil suit on the account and withdrawal of $34.18 on September 11.

Brown filed another motion requesting that the court reject the most recent show-cause order, alleging that the magistrate judge appeared prejudiced against him and that his "account summary show[s] fees were withdrawn . . . but never paid to this court [in the amount of] $34.18 on Sept. 11, 2017."  That filing included Brown's October 17 grievance to prison officials and the prison's November 6 response, which showed that the $34.18 was automatically paid toward Brown's oldest lien because he had two separate liens on the account.

On December 4, the magistrate judge issued another show-cause order, noting the payment of the partial fee but again ordering Brown to show cause within 14 days "why this matter should not be dismissed" for Brown's "persistent failure" to comply with court orders.  One week later, Brown filed another motion asking for a ruling on his most two most recent motions, but he did not respond to the most recent show-cause order.

5

The magistrate judge issued a report and recommendation (R&R) dismissing the case "because [Brown] has steadfastly failed to respond" to the court's show cause orders. Brown did not object to the R&R. The district court adopted the R&R and dismissed the case without prejudice. Brown timely appealed. This Court permitted Brown to proceed IFP after determining that he had a nonfrivolous issue on appeal.

## II.

We review a district court's dismissal of an action for want of prosecution or failure to comply with court rules or orders for abuse of discretion. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *McKelvey v. AT&T Tech, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (per curiam). Generally, the "abuse of discretion review requires us to affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (internal quotation marks omitted). Though we construe pro se pleadings liberally, pro se litigants are nonetheless expected to comply with procedural requirements. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

A "district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc*., 556 F.3d 1232, 1241 (11th Cir. 2009). District courts have inherent power to manage their dockets.

*Betty K.*, 432 F.3d at 1337; *see also Brown v. O'Leary*, 512 F.2d 485, 486 (5th Cir. 1975) (explaining that we "will not disturb the district court's exercise of sound discretion in keeping its calendar under control").[3]  And under Federal Rule of Civil Procedure 41(b), a district court may sua sponte dismiss a suit for failure to prosecute or failure to comply with an order.  *See* Fed. R. Civ. P. 41(b). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  Dismissal may be within the discretion of a district court when a litigant is "repeatedly and stubbornly defiant," demonstrating "a refusal to acknowledge the authority of [a] magistrate and indicate[s] no willingness to comply with court orders."  *Id*. at 839.

The standard of review for dismissal without prejudice is less stringent than that for dismissal with prejudice "because the plaintiff would be able to file [the] suit again."  *Boazman v. Econ. Lab, Inc.*, 537 F.2d 210, 212–13 (5th Cir. 1976). We have affirmed dismissal of an action without prejudice for failure to comply with a court order even when the case "does not involve a series of violation of court rules or pretrial orders."  *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (per curiam) (affirming dismissal for failure to comply

---

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding all decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981, to be binding precedent in the Eleventh Circuit).

with one court order in a two-year period, because "the case was dismissed without prejudice, [so] we cannot say that the district court abused its discretion").

Finally, when a party makes only passing references to an issue in his brief and does not devote a discrete section of his brief to the argument of that issue, the party has abandoned that issue on appeal. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) ("[A] party seeking to raise a claim or issue on appeal must plainly and prominently so indicate.  Otherwise, the issue—even if properly preserved at trial—will be considered abandoned."); *see also Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned.").

### III.

The district court did not abuse its broad discretion in dismissing Brown's suit without prejudice.  Brown repeatedly failed to comply with court orders multiple times by missing filing deadlines, filing nonresponsive motions, improperly attempting appeals, or responding with only vaguely compliant responses.[4]  Because Brown did not properly comply with each show-cause order, the district court had the inherent authority to dismiss his case without prejudice.  The district court thus did not abuse its discretion, and we affirm.

---

[4] To the extent that Brown seeks to raise any other issues on appeal, we conclude that he has abandoned them by failing to adequately address them in his initial brief.  *See Jernigan*, 341 F.3d 1273, 1283 n.8; *Timson*, 518 F.3d at 874.

**AFFIRMED.**