Willie E. BOAZMAN, Plaintiff-Appellant,

v.

ECONOMICS LABORATORY, INC.,
Defendant-Appellee.

No. 76–1521
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

M. C. Mykel, Atlanta, Ga., for plaintiff-appellant.

Donald G. Mayhall, John D. Marshall, Atlanta, Ga., for defendant-appellee.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

In this action brought under Title VII of the Civil Rights Act of 1964, appellant Boazman (Employee) appeals from the District Court's Order granting partial summary judgment to Employer Economics Laboratory, Inc. (appellee) and dismissing the case without prejudice for Employee's want of prosecution and failure to follow an order of the District Court. Although the dismissal was entered without prejudice, the effect of the dismissal is possibly to bar litigation of the merits of the case because the time for the filing of Employee's suit under Title VII has expired. We vacate the partial summary judgment, reverse the dismissal of the case, and remand for further proceedings in the District Court.

Employee was initially quite slow in prosecuting his case. When he failed to respond to Employer's motion to dismiss the claim for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted, the District Judge entered an order directing him to respond within ten days to Employer's motion or have his suit subject to dismissal under F.R.Civ.P. 41(b),[1] for failure to prosecute.

---

1. Rule 41(b) provides:

*(b) Involuntary Dismissal: Effect Thereof.* For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts

Within the time period set by the Court, Employee responded with an apology for the delay, an assurance that he would vigorously prosecute the case, and a request that the Court defer its ruling on the Employer's pending motion until after a scheduled meeting between the parties. Subsequently, although Employee began to prosecute his case in earnest, he failed to file a brief in response to the Employer's motion to dismiss. A month later, when the Employee had still not responded to Employer's motion to dismiss, the Court entered an order granting partial summary judgment[2] for the Employer and dismissing the case, with prejudice, under Rule 41(b). The Court later amended its order to a dismissal without prejudice, on the grounds that dismissal with prejudice was too severe a sanction where, as here, the Employee was not responsible for his attorney's mistakes.[3] The Court also felt that there was a substantial interest in having an eventual trial on the merits.[4]

■ The first issue we deal with is whether it was reversible error for the District Court to dismiss this case under Rule 41(b). As the Trial Judge implicitly recognized when he amended his first order of dismissal, dismissal with prejudice is such a severe sanction that it is to be used only in extreme circumstances, *Flaksa v. Little River Marine Construction Co.*, 5 Cir., 1968, 389 F.2d 885, 887, *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387, where "there is a clear record of delay or contumacious conduct," *Durham v. Florida East Coast Railway Company*, 5 Cir., 1967, 385 F.2d 366, 368, and "where lesser sanctions would not serve the best interests of justice," *Brown v. Thompson*, 5 Cir., 1970, 430 F.2d 1214, 1216. Thus, "while we will not disturb the District Court's exercise of sound discretion in keeping its calendar under control, we will not approve sanctions that are not commensurate with the dereliction." *Brown v. O'Leary*, 5 Cir., 1975, 512 F.2d 485, 486. *See also Link v. Wabash R. Company*, 1962, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734; *Flaksa v. Little River Marine Construction Company*, *supra*, 389 F.2d 885. In the past, we have found that lesser sanctions would suffice in all but the most flagrant circumstances. *See, e. g., Connolly v. Papachristid Shipping Ltd.*, 5 Cir., 1974, 504 F.2d 917, 920; *Flaksa v. Little River Marine Construction Company*, *supra*, 389 F.2d at 888.

■ Ordinarily, we would apply a less stringent standard of review to a District Court's dismissal of a suit without prejudice, because the plaintiff would be able to

---

may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

2. Appellee's original motion to dismiss was brought under F.R.Civ.P. 12(b)(1) (lack of jurisdiction over the subject matter) and 12(b)(6) (failure to state a claim upon which relief can be granted). Since the motion was supported by matters outside the pleading, the District Court treated it as a motion for summary judgment under Rule 12(b), which provides in relevant part:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Moreover, since the motion to dismiss for failure to state a claim only attacked portions of the complaint, rather than the entire complaint, the District Court treated the motion as a motion for partial summary judgment.

The District Court further held that the part of the motion attacking the subject matter jurisdiction of the Court was an attack on the whole complaint, and was treated by the Court as a motion to dismiss.

3. Order of February 13, 1976, pp. 3–4.

4. *Id.*, at 4.

file his suit again. Where, however, the statute of limitations prevents—or arguably may prevent—a party from refiling his case after it has been dismissed, we fail to see how a dismissal without prejudice is any less severe a sanction than a dismissal with prejudice. Accordingly, we are persuaded by a recent opinion of this Circuit (*see,* on the subsequent merits, *Pond v. Braniff Airways, Inc.,* 5 Cir., 1972, 453 F.2d 347) that where the dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation, the standard of review of the District Court's dismissal should be the same as is used when reviewing a dismissal with prejudice.

■ Applying that stricter standard to the facts of this case, we must reverse the dismissal by the District Court, since the facts disclose none of the "contumacious indifference to the Court of the kind we generally regard as requisite to the use of this severe sanction," *International Association of Heat and Frost Insulators and Asbestos Workers v. Leona Lee Insulation and Specialties, Inc.,* 5 Cir., 1975, 516 F.2d 504, 505, and since lesser sanctions were available to the District Court. *See generally, Woodham v. American Cystoscope Company of Pelham,* 5 Cir., 1964, 335 F.2d 551.

■ The Court's entry of partial summary judgment presents a more difficult problem. In granting partial summary judgment, the Court did not set forth any findings of fact or conclusions of law.[5] However, the Court appeared to base its grant of summary judgment on a bare finding that Employee had failed to respond to Employer's motion to dismiss, rather than on a finding that Employer's motion and supporting briefs and affidavit resolved genuine issues as to material facts.[6]

■ This being so, then the District Court's grant of a partial summary judgment must be reversed. Although Rule 56(e) does not allow a party to "rest upon the mere allegations or denials of his pleading" when his adversary moves for summary judgment, *see, e. g., Bruce Construction Corp. v. United States,* 5 Cir., 1957, 242 F.2d 873, 875, the Rule does not relieve the movant of his duty to establish the absence of a genuine issue as to material facts. *Adickes v. S. H. Kress & Company,* 1970, 398 U.S. 144, 159–161, 90 S.Ct. 1598, 1609–1610, 26 L.Ed.2d 142, 155–156; *Sweet v. Childs,* 5 Cir., 1975, 507 F.2d 675, 679. *See generally* 6 J. Moore, Federal Practice ¶ 56.15[3], pp. 56–463—56–489 (2d Ed. 1976). The moving party still has the initial burden, under Rule 56(c), of showing the absence of a genuine issue concerning any material fact, *Adickes v. S. H. Kress & Company, supra,* 398 U.S.

---

5. With respect to motions for full summary judgment, F.R.Civ.P. 52(a) does not require findings of facts and conclusions of law "on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)." On the other hand, it is also true that "such findings are . . . permissible and often quite helpful for appellate review." 6 J. Moore, Federal Practice ¶ 56.02[11], p. 56–48 (2d Ed. 1976). *See also Mladinich v. United States,* 5 Cir., 1967, 371 F.2d 940; *cf. Myles v. Quinn Menhaden Fisheries, Inc.,* 5 Cir., 1962, 302 F.2d 146. Furthermore, we are authorized to set aside a District Court's grant of summary judgment when "its order is opaque and unilluminating as to either the relevant facts or the law with respect to the merits of appellants' claim." *Carter v. Stanton,* 1972, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569, 572.

On motions for partial summary judgment, however, F.R.Civ.P. 56(d) provides

*(d) Case Not Fully Adjudicated on Motion.* If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, *shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy,* including the extent to' which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly. [Emphasis supplied].

6. The only reason ever given by the District Court for granting Employer's motion for partial summary judgment was "plaintiff's [Employee's] failure to oppose that motion." Order of February 13, 1976, p. 6, n. 1.

at 159, 90 S.Ct. at 1609, 26 L.Ed.2d at 155, and of showing that judgment is warranted as a matter of law, *United States Steel Corp. v. Darby*, 5 Cir., 1975, 516 F.2d 961, 963. In deciding whether to grant summary judgment, the District Court "must draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *United States Steel Corp. v. Darby*, 5 Cir., 1975, 516 F.2d 961, 963. In reviewing a District Court's grant of a summary judgment, the appellate court must employ the same standards. *Id.* Thus, if the District Court entered partial summary judgment on the sole ground that the Employee failed to respond to Employer's motion to dismiss, then its grant of partial summary judgment was erroneous and must be reversed.

■ However, we are reluctant to reverse outright the District Court's grant of partial summary judgment on the basis of our own record-based conclusion as to the Court's rationale. Therefore, we vacate the summary judgment and remand the case to the District Court for further consistent proceedings. If, on remand, the District Court decides that partial summary judgment is appropriate because Employer has met his burden of establishing that there are no genuine issues as to particular material facts, the Court is free to so decide but it should so state, and shall make an order specifying the facts that appear without substantial controversy.[7]

REVERSED in part, VACATED in part, and REMANDED.

---

7. *See* F.R.Civ.P. 56(d).