Donald K. GARCY and Lucy R. Garcy, his wife, Plaintiffs,

v.

Donald E. DUPEE, Defendant.

No. 89–10047–CIV.

United States District Court, S.D. Florida.

March 8, 1990.

David R. Howland, Howland & Krieger, Coral Gables, Fla., for defendant.

David J. White, Proenza, White, Huck & Roberts, P.A., Miami, Fla., for plaintiff.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the court on defendant Donald E. Dupee's motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56.

Federal Rule of Civil Procedure 56 governs motions for summary judgment in federal court. That rule provides that summary judgment shall issue if

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). Further, the movant must show that no genuine issue of material fact exists. The Fifth Circuit, in precedent now binding on this circuit, has held that

Under Fed.R.Civ.P. 56, the moving party has the initial burden of proving that there is no genuine issue of material fact. If the movant wishes to dispute the allegations of the complaint, he must do so through affidavits, documents, or other evidence. *Boazman v. Economics Lab., Inc.,* 537 F.2d 210 (5th Cir.1976).

*Bernard v. Gulf Oil, Co.,* 596 F.2d 1249, 1255 (5th Cir.1979).

This case arises out of a motor vehicle accident which occurred on U.S. 1 in Layton, Monroe County, Florida. Plaintiffs' vehicle travelled northbound on 1 and defendant's vehicle proceeded southbound. At some point, plaintiff's car crossed over into defendant's lane of traffic. The two vehicles collided head-on. Plaintiff sues for his injuries.

 In tort actions such as this, Florida law applies. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Pure comparative negligence provides the rule of liability in Florida. *See Hoffman v. Jones,* 280 So.2d 431 (Fla.1973).[1] That doctrine mandates that, in determining both liability and damages, a

jury should apportion the negligence of the plaintiff and the negligence of the defendant; then, in reaching the amount due the plaintiff, the jury should give the plaintiff only such an amount proportioned with his negligence and the negligence of the defendant.

*Id.* at 438. The central inquiry in a tort action concerns the respective amount of liability of the parties.

On a motion for summary judgment, the court may issue final judgment on liability only as a matter of law. Final judgment is proper when no issue vital to judgment is controverted; that is, when the court deduces no genuine issue of material fact as to any issue central to resolution of the case. Because the entire inquiry under comparative negligence concerns the respective liability of the parties, unresolved facts as to the negligence of one party preclude entry of judgment as a matter of law.

 Here, the parties dispute defendant's negligence in contributing to the accident. In accord with the above, even if the parties were to stipulate to plaintiff's negligence, this court's inquiry would not be complete. On a motion for summary judgment in a comparative negligence case, the court may render final judgment only

---

1. The doctrine of last clear chance is inapplicable in pure comparative negligence settings, and Florida has explicitly abolished it. *See Hoffman v. Jones,* 280 So.2d 431, 438 (Fla.1973); *In the matter of the use by the trial courts of the Standard Jury Instructions (Civil Cases),* 290 So.2d 49 (Fla.1974) (deleting charges on last clear chance). The court must examine the contours of the doctrine of pure comparative negligence, and not attempt to fit moot tenets into applicable law.

where no genuine issue of material fact exists as to either parties' negligence in the accident. Here, the issue of defendant's liability is controverted; therefore, the court cannot properly grant summary judgment at this juncture. Accordingly, after careful consideration, the court ORDER and ADJUDGES that defendant's motion for summary judgment is hereby DENIED.

DONE and ORDERED.