United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 12, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
for the Fifth Circuit**

No. 05-20236

ERIC HAMIC,

Plaintiff-Appellant,

VERSUS

HARRIS COUNTY W.C. & I.D. NO. 36,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas

(4:04-CV-1327)

Before DeMOSS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Eric Hamic ("Hamic") appeals two decisions of the district court: (1) an order granting summary judgment in favor of Appellee Harris County W.C. & I.D. No. 36 ("District No. 36") on Hamic's claim that District No. 36 breached its employment contract with him and (2) an order granting summary judgment in favor of District No. 36 on Hamic's claim that District No. 36 unlawfully discriminated and retaliated against him in violation of 42 U.S.C.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2000e for refusing a direct order that Hamic alleges was unlawful under that section. We affirm both decisions.

I.

On March 29, 2000, Hamic and District No. 36 entered into an employment contract (the "Contract") under which Hamic was employed to serve as the General Manager of District No. 36 for a term of five years. One provision of the Contract states, "Hamic shall have the full authority of his position and title." Hamic alleges that this provision gave him "the full authority to hire and fire, [to] evaluate performance and award raises or issue constructive reviews, and [to] manage the day-to-day operations of the water district," authority that was allegedly undermined by the Board of Directors of District No. 36 (the "Board"), as described below. The "full authority" provision forms the heart of the contract dispute.

On December 20, 2000, Geraldo Parra, a member of the Board, allegedly gave Hamic a direct order to fire a non-Hispanic employee so that an Hispanic employee could be hired. Hamic refused, and, according to Hamic, relations between himself and three members of the Board (Geraldo Parra, Eladio Ayala, and Mike Black) subsequently deteriorated. Hamic makes the following allegations regarding what occurred after he refused Parra's order: (1) on various occasions, members of the Board "attempted to coerce, order, and otherwise induce [Hamic] to hire only Hispanics and . . . made remarks . . . show[ing] an animus toward[s] 'white' or Caucasian persons"; (2) on various occasions, members of the

2

Board "expressly usurped the authority of [Hamic] to hire and fire Water District employees and hired employees without the consent or approval of [Hamic]"; (3) on various occasions, members of the Board made false accusations to third parties about Hamic's expertise, managerial abilities, and managerial decisions and falsely attributed various problems to him; (4) members of the Board removed Hamic's business telephone; (5) members of the Board "instructed employees to, and allowed employees to, refuse to follow [Hamic's] directions in his capacity as General Manager"; (6) on various occasions, Mike Black ordered Hamic "to perform irregular and suspect acts in an attempt to exacerbate the already hostile working environment and interfere with [Hamic's] ability to do his job," namely, he ordered Hamic "to make a report of every conversation that [Hamic] had during the day to include any conversation with his wife" and issued "numerous burdensome 'to do' lists that were not approved by a quorum of the Board"; (7) members of the Board engaged in general daily harassment; and (8) Eladio Ayala testified that as part of a "'plan,'" he, Geraldo Parra, and Mike Black "'slowly . . . made things more difficult for [Hamic] by giving him trouble with everything he did, by undermining his authority with the employees, and taking away his duties such as hiring and firing, so that he eventually became just a figurehead.'" Hamic alleges that these conditions created a hostile work environment and constituted retaliation for his refusal to comply with Parra's direct order. These conditions form the basis

3

of Hamic's employment discrimination charge (as well as the factual basis for his breach of contract claim).

Hamic reported the above conditions to the Board and to the attorney for District No. 36, but, according to Hamic, conditions did not improve. On June 26, 2002, Hamic filed a charge of discrimination with the Texas Commission on Human Rights ("TCHR") and the Equal Employment Opportunity Commission ("EEOC"), and on July 17, 2002, Hamic voluntarily resigned from his position as general manager, a resignation he characterizes as constructive discharge.[2] The EEOC issued Hamic a Right to Sue Letter on February 19, 2003, and the U.S. Department of Justice issued a Right to Sue Letter on June 27, 2003.[3]

On July 16, 2002, Hamic filed suit in Texas state court, claiming that District No. 36 had violated its employment contract. District No. 36 removed the case to federal court, where Hamic amended his complaint to add an employment discrimination charge under federal law, specifically, a hostile environment claim under 42 U.S.C. § 2000e-2 and a retaliation claim under § 2000e-3.[4]

_____

[2]Hamic's resignation was not effective until August 17, 2002.

[3]The TCHR does not appear to have issued a Right to Sue Letter, but that is irrelevant here where Hamic only appeals his federal employment discrimination cause of action.

[4]The case was removed on federal question grounds pursuant to a § 1983 claim that Hamic later dropped. Hamic tried to remand the case after dropping his § 1983 claim, but the court ruled that remand was not proper because of the federal employment discrimination charge Hamic brought in his amended complaint.

District No. 36 moved for summary judgment on both issues, breach of contract and employment discrimination. On August 6, 2004, the district court granted District No. 36's motion in part, ruling that Hamic take nothing on his breach of contract claim. Hamic moved for reconsideration. The district court denied Hamic's motion and ordered District No. 36 to file another motion for summary judgment, which it did. This motion, which addressed Hamic's employment discrimination charge and argued that some of the acts alleged in support thereof were time barred, was denied. However, the district court later vacated the denial, entered the opposite ruling, and ordered Hamic to take nothing on his employment discrimination charge after reconsidering the parties' submissions and hearing arguments from both parties as to whether the continuing violations doctrine[5] applied in Hamic's case to save any time barred acts (the court decided it did not). The court entered final judgment in favor of District No. 36, and Hamic timely appealed, arguing that a material question of fact exists regarding his breach of contract claim that precludes summary judgment and that the district court erred in refusing to apply the continuing violations doctrine to his § 2000e-3 retaliation claim.

## II.

This Court reviews a grant of summary judgment *de novo*,

---

[5] *See, e.g., Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279-80 (5th Cir. 2004) (describing the continuing violations doctrine).

5

applying the same standard as the district court. *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 401 (5th Cir. 2005). Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Court views the evidence in the light most favorable to the non-movant. *Wheeler*, 415 F.3d at 401-02. The non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Summary judgment is appropriate, however, if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* (quoting *Celotex*, 477 U.S. at 322-23).

## A.

With respect to Hamic's breach of contract claim, the district court held that District No. 36 did not breach its contract to employ Hamic as general manager with the full authority of that position and title. It reasoned that because the Board, by law, delegates authority to the general manager in its discretion and because the Board's delegation defines the position, the general

6

manager's "full authority" is whatever the Board says it is.[6] Moreover, the court found that neither the Water Code nor the Contract describes Hamic's specific authority; rather, they explain how Hamic's authority is to be determined: by the Board. Thus, the court determined that Hamic's authority as general manager under the Contract was not breached by the Board's decision to participate in the hiring process because the Board retained the ultimate authority to manage the district; nor was Hamic's authority breached by any acts of individual members of the Board that undermined Hamic's authority because the acts did not prevent him from doing his job, they simply made his job more difficult. Having carefully reviewed the record and the parties' briefs, we affirm the district court's decision ordering Hamic to take nothing on his breach of contract claim essentially for the reasons stated by the district court.

B.

With respect to Hamic's employment discrimination charge, the district court held that (1) the charge was not subject to the continuing violations doctrine; (2) the order to fire an Hispanic person was outside the limitations period and could not support any

---

[6]*See* TEX. WATER CODE ANN. § 49.056(a) (Vernon 2000) ("The board may employ or contract with a person to perform such services as general manager for the district as the board may from time to time specify. The board may delegate to the general manager full authority to manage and operate the affairs of the district subject only to orders of the board."); *see also id.* § 49.056(b) (describing the board's discretion to delegate personnel decisions to the general manager).

acts that occurred in 2002; and (3) any acts that occurred in 2002 did not otherwise illustrate ethnic retaliation or discrimination.[7] Hamic only appeals the district court's decision to the extent that it failed to apply the continuing violations doctrine to his retaliation claim. We affirm the district court's decision in that respect.

A plaintiff, like Hamic, who initially institutes proceedings with an appropriate state agency must file a Title VII employment discrimination charge with the EEOC within 300 days of the challenged discrimination. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003). The continuing violations doctrine is an equitable doctrine that extends the limitations period on otherwise time barred claims when the unlawful employment practice in question manifests itself over time, rather than as a series of discrete acts. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279 (5th Cir. 2004). Previously, a plaintiff was relieved of establishing that all alleged discriminatory conduct occurred within the actionable period if he

---

[7]Unfortunately, the district court did not publish a written decision, so we have had to piece together its holding from the transcript of a hearing the judge held on February 15, 2005. We have previously urged courts to provide findings of fact and conclusions of law when granting summary judgment, and we do so again here. *See Thomas v. N.A. Chase Manhattan Bank*, 994 F.2d 236, 241 n.6 (5th Cir. 1993) (citing *Wildbur v. Arco Chem. Co.*, 974 F.2d 631, 644 (5th Cir. 1992); *Williamson v. Tucker*, 645 F.2d 404, 411 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S. Ct. 396, 70 L. Ed. 2d 212 (1981); *Boazman v. Economics Lab., Inc.*, 537 F.2d 210, 213 n.5 (5th Cir. 1976)).

could show a series of related acts, one or more of which fell within the limitations period. *Id.* However, the Supreme Court has clarified that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). The Fifth Circuit states the rule as follows: "claims based on discrete acts are timely only where such acts occurred within the limitations period, and . . . claims based on hostile environment are only timely where at least one act occurred during the limitations period." *Id.* at 279-80.

Hamic argues on appeal that the district court should have applied the continuing violations doctrine to his § 2000e-3 retaliation claim. He asserts that the actions taken against him were not discrete acts, but rather an ongoing pattern of retaliation, subject to the continuing violations doctrine. However, retaliation is, by definition, a discrete act, not a pattern of behavior. *See Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 705-07 (5th Cir. 1997). It requires an adverse employment action, which has been defined in this Circuit as an ultimate employment decision, such as "'hiring, granting leave, discharging, promoting, and compensating.'" *See id.* at 707 (quoting *Dollis v. Rubin*, 77 F.3d 777, 781-82 (5th Cir. 1995)). Accordingly, post-*Morgan*, a plaintiff can only recover for retaliation to the extent that it occurred within the limitations period, that is, the

9

continuing violations doctrine does not apply to retaliation. *See*
*Pegram*, 361 F.3d at 279-80. Therefore, Hamic's argument that the
district court should have applied the continuing violations
doctrine to his retaliation claim must fail.

Hamic does not otherwise appeal the district court's
decision.[8] Accordingly, we affirm the district court's decision
that Hamic take nothing on his employment discrimination charge.

### III.

For the foregoing reasons, we AFFIRM the decisions of the
district court granting summary judgment in favor of District No.
36.

---

[8]Hamic urges in his reply brief that, contrary to the district
court's decision, he was demoted, he resigned as a result of a
hostile environment, and he was constructively discharged. However,
we do not consider arguments raised for the first time in a reply
brief. *Wallace v. County of Comal*, 400 F.3d 284, 292 (5th Cir.
2005).