[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11433
Non-Argument Calendar

_____

D. C. Docket No. 07-01013-CV-J-32-JRK

STERLING R. LANIER, JR.,

                                                                        Plaintiff-Appellant,

versus

R. SMITH,
Captain,
SERGEANT ALLEN,
E.L.,

                                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 29, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Sterling Lanier, a Florida prisoner proceeding pro se, appeals the dismissal without prejudice of his civil complaint. We affirm.

Lanier alleges that the district court erred in dismissing his complaint for failure to prosecute because he had been denied reading, writing, and mail privileges for a three month period, which made it impossible for him to comply with an order to provide additional copies of the complaint for service on the defendants. On February 12, 2008, the district court entered an order for Lanier to show cause why his complaint should not be dismissed for lack of prosecution. The district court found that Lanier had failed to comply with an order entered on January 3, 2008, to submit either two service copies of the original complaint or file an amended complaint within 30 days. On March 19, 2008, the district court dismissed Lanier's complaint without prejudice. The court instructed the clerk to send Lanier forms for a complaint, an affidavit of indigency, and a prisoner consent and financial certificate.

We review a dismissal without prejudice, under Federal Rule of Civil Procedure 41(b), for abuse of discretion. Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). We ordinarily apply a less stringent standard of review to a dismissal of a suit without prejudice, so long as the statute of

2

limitations does not prevent the party from refiling the case. Boazman v. Econ. Lab., Inc., 537 F.2d 210, 212–13 (5th Cir. 1976). Lanier's complaint that his civil rights were violated when officers used excessive force against him, 42 U.S.C. § 1983, is governed by the residual statute of limitation for complaints of personal injuries in the forum state; in Florida, this statute of limitation is four years. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

The district court did not abuse its discretion when it dismissed Lanier's complaint. Lanier had previously been notified that he had a limited time in which to meet the filing and service requirements of the court. After Lanier failed to satisfy those requirements, the district court dismissed Lanier's complaint without prejudice. The statute of limitation has not yet run on Lanier's underlying cause of action.

**AFFIRMED.**