[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13558
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-62039-WJZ

MARC PERRY,

Plaintiff-Appellant,

versus

ZINN PETROLEUM COMPANIES, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 8, 2012)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Marc Perry appeals the district court's dismissal of his complaint, which

alleged that his former employer, Zinn Petroleum Companies, LLC, violated his rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and Florida's Workers' Compensation Law, Fla. Stat. § 440.205. The district court dismissed Perry's complaint without prejudice because Perry did not comply with the district court's orders to file (1) a statement of his claim, and (2) either a joint pre-trial stipulation or a unilateral pre-trial catalog.  After review, we vacate the district court's "Final Order of Dismissal" and remand this case for further proceedings.

## I.  BACKGROUND

On September 16, 2011, Perry filed a three-count complaint against his employer, Zinn, for whom he had worked for approximately two years.  In Count 1 of the complaint, Plaintiff Perry alleged that Defendant Zinn had willfully failed to pay him overtime pay, in violation of 29 U.S.C. § 207(a)(1).  Perry also separately alleged that (1) he injured his back while working at Zinn on October 27, 2009; (2) he was unable to work for several months; and (3) when he was cleared to return to work, Zinn notified him that there was no position available for him. Perry's complaint alleged, in Count 2, that Zinn's refusal to maintain an open position for him, or to accommodate his back injury, violated Florida's Workers' Compensation Law, Fla. Stat. § 440.205.  In Count 3, Perry sought declaratory

2

relief, pursuant to 28 U.S.C. §§ 2201 and 2202, regarding Defendant Zinn's failure to comply with the provisions of the FLSA.

After Defendant Zinn answered, the district court issued a December 5, 2011, order instructing Perry to file a "statement of the claim" within 20 days of the date the order was issued. The statement was to set forth "the amount of alleged unpaid wages, the means of calculating such wages, and the nature of said wages." The district court's order advised Perry that failure to adhere to the order could result in the whole or partial dismissal of Perry's complaint. Perry did not file a statement of his claim within 20 days or at any point thereafter.

On January 13, 2012, the district court entered an order setting a pre-trial conference for June 15, 2012. In this order, and pursuant to Local Rule 16.1.M, the district court stated, <u>inter alia</u>, that a "Pre-Trial Stipulation" or "Unilateral Pre-Trial Catalogues" must be filed by noon, fourteen days prior to the June 15 pre-trial conference (i.e., by June 1 at noon).[1] This order further advised that failure to comply would result in dismissal without prejudice, as follows:

---

[1]The Local Rules for the Southern District of Florida do not expressly define "Pre-Trial Catalogue." <u>See</u> S.D. Fla. L.R. 16.1. The Local Rules, however, require parties to file a pre-trial stipulation with the court, or, if counsel for the parties cannot agree to execute a joint stipulation, "each counsel shall file and serve separate proposed pretrial stipulations." S.D. Fla. L.R. 16.1(e), (f). From this Local Rule, it is clear that the district court used the term "Unilateral Pre-Trial Catalogues" in its January 13, 2012 order to refer to the mandatory filing of "separate proposed pretrial stipulations."

If a pre-trial stipulation is not filed, then the parties must file unilateral pre-trial catalogues by the time prescribed above. Upon the failure of plaintiff to file a unilateral pre-trial catalogue, the court shall dismiss the case without prejudice. If a defendant fails to file a unilateral pre-trial catalogue within the time prescribed above, defendant will be precluded from entering any physical or documentary evidence and may call no witnesses other than the defendant . . . .

Between January 13, 2012, and June 1, 2012 (the deadline), Perry never filed a pre-trial stipulation or a unilateral pre-trial catalogue.

On June 1, 2012, the district court entered a sua sponte "Final Order of Dismissal" dismissing Perry's complaint without prejudice for failure to comply with the court's two orders and with Southern District of Florida Local Rule 16.1. The district court noted that Perry had failed to file a statement of his claim, as required by the district court's December 5, 2011, order, and that he also had failed to file a unilateral pre-trial catalog, as required by the district court's January 13, 2012, order. The district court also noted that Perry had not moved for an extension of time as to either the statement of claim or the unilateral pre-trial catalog.

On June 4, 2012, Perry moved for reconsideration, but admitted that he failed to comply with the district court's orders. Perry's counsel stated that he had drafted the statement of the claim, but inadvertently had forgotten to file it. Counsel argued in mitigation that he and Zinn's counsel had filed a form

4

consenting to proceed before a magistrate judge, and both mistakenly believed that the case had been referred to a magistrate judge, who counsel presumed would adopt a new schedule for filings. Perry also noted that, although he could re-file his complaint, he would be unable to recover some of his unpaid overtime wages due to the operation of the statute of limitations on his FLSA claim. The district court denied the motion for reconsideration.

Before filing the notice of appeal, Perry's counsel filed, on June 8, 2012, the same lawsuit with the same three counts. On June 29, 2012, Perry filed a notice of appeal from the district court's "Final Order of Dismissal." Perry did not appeal the district court's denial of his motion for reconsideration.[2]

## II. DISCUSSION

We review a district court's dismissal of a complaint for failure to comply with court rules for an abuse of discretion. Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Id.

---

[2]We previously denied Zinn's motion to dismiss this appeal for a lack of jurisdiction, concluding that we possess jurisdiction because the district court's involuntary dismissal of the complaint is a final, appealable order. Perry v. Zinn Petroleum Cos., LLC, No. 12-13558 (11th Cir. Sept. 10, 2012) (unpublished order).

(quotation marks omitted).

The district court may <u>sua sponte</u> dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order.  <u>See</u> Fed. R. Civ. P. 41(b); <u>Betty K Agencies</u>, 432 F.3d at 1337.  The district court also has inherent authority to sanction parties for "violations of procedural rules or court orders," up to and including dismissals with prejudice.  <u>Donaldson v. Clark</u>, 819 F.2d 1551, 1557 n.6 (11th Cir. 1987); <u>Betty K Agencies</u>, 432 F.3d at 1337.  "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).

Here, Plaintiff Perry failed to follow not one but two court orders, in circumstances in which the district court had forewarned Perry that failure to do so could result in dismissal.  The undisputed facts show a record of delay on Perry's part.  Thus, ordinarily we would say that the district court did not abuse its discretion in dismissing Perry's complaint without prejudice.  However, on appeal, Perry argues that the district court abused its discretion because (1) the statute of limitations applicable to FLSA claims now bars him from recovering a portion of his alleged unpaid overtime wages; (2) the dismissal here thus amounted to a dismissal <u>with</u> prejudice; and (3) a dismissal with prejudice is an unduly severe

6

sanction in a case where there was no clear record of willful delay or other contumacious behavior by Perry or his counsel.[3]

This Court has instructed that, where a dismissal without prejudice has the effect of precluding a plaintiff from refiling his claim due to the running of the statute of limitations, the dismissal is "tantamount to a dismissal with prejudice, a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice. " Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) (internal quotation marks omitted); see also Boazman v. Econ. Lab., Inc., 537 F.2d 210, 213 (5th Cir. 1976) (holding "that where the dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation," we apply the "stricter" standard of review that we ordinarily employ when reviewing a dismissal with prejudice).[4] These two decisions bear full discussion because they govern the analysis here.

In Boazman, Plaintiff Boazman brought an employment discrimination action against his employer. 537 F.2d at 211. The district court dismissed his case

---

[3]Under the FLSA, claims for unpaid overtime must be "commenced within two years after the cause of action accrued." 29 U.S.C. § 255(a). This period is extended to three years if the cause of action "aris[es] out of a willful violation." Id.

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

without prejudice due to Boazman's failure to comply with the court's orders regarding the filing of a response to the employer's motion to dismiss, which orders warned Boazman that failure to respond could result in dismissal.  537 F.2d at 211-12.  The effect of the dismissal, however, was to bar any further litigation of the merits of Boazman's action due to the statute of limitations applicable to Boazman's Title VII claims.  Id. at 211.  The Fifth Circuit reversed the dismissal, concluding that, in these circumstances, a dismissal without prejudice was effectively a dismissal with prejudice, and that such a sanction was unduly severe because the record disclosed no "contumacious indifference to the Court" on the part of Boazman and because lesser sanctions were available.  Id. at 212-13.

Similarly, in Burden, Plaintiff Burden failed to comply with three separate pre-trial orders entered by the district court, one of which warned Burden that failure to comply would result in the dismissal of his case.  644 F.2d at 504. Based on Burden's non-compliance with these orders, the district court dismissed without prejudice Burden's Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1981 et seq. (repealed 1994), complaint after the statute of limitations had run on his cause of action.  Id. at 504-05.  Drawing on the reasoning contained in Boazman, the Fifth Circuit concluded that the dismissal was "tantamount to a dismissal with prejudice."  Id. at 505.  The Fifth Circuit further concluded that a

8

dismissal with prejudice was not warranted because Burden's "failure to comply with the court order was more a matter of negligence than purposeful delay," and because the district court had not employed lesser sanctions before dismissing the case. Id.

We first conclude, based on Burden and Boazman, which dealt with circumstances analogous to those in the present case, that the district court's "Final Order of Dismissal" amounts to a dismissal of a significant portion of Perry's FLSA claim with prejudice. Perry filed his complaint on September 16, 2011, and, following the district court's "Final Order of Dismissal," he re-filed the complaint on June 8, 2012. Under the three-year statute of limitations applicable to claims alleging willful violations of the FLSA, at the time of Perry's initial filing in September 2011, he was entitled to claim unpaid overtime wages going back to September 2008. See 29 U.S.C. § 255(a). Following the district court's dismissal of Perry's complaint, and Perry's subsequent re-filing, the three-year statute of limitations would only allow Perry to claim overtime wages from June 2009 through the end of his employment with Zinn, a difference of approximately eight months. See id. Thus, the district court's "Final Order of Dismissal" was "tantamount to a dismissal with prejudice" as to much of Perry's FLSA claim, and we will review the district court's order under the standard we ordinarily apply to

9

dismissals with prejudice.  <u>Burden</u>, 644 F.2d at 505; <u>see</u> <u>Boazman</u>, 537 F.2d at 213.

A dismissal with prejudice is a sanction of last resort, and is only proper if the district court finds  "both a clear record of willful conduct and a finding that lesser sanctions are inadequate."  <u>Zocaras v. Castro</u>, 465 F.3d 479, 483 (11th Cir. 2006).  Moreover, "findings satisfying both prongs of [the] standard are <u>essential</u> before dismissal with prejudice is appropriate."  <u>Betty K Agencies</u>, 432 F.3d at 1339.  While we have "occasionally inferred" a finding that lesser sanctions are inadequate, as in cases "where lesser sanctions would have 'greatly prejudiced' defendants," we have never suggested that the district court is relieved of its obligation to make that finding in the first instance.  <u>Kilgo v. Ricks</u>, 983 F.2d 189, 193 (11th Cir. 1993).

In this case, the district court failed to make findings sufficient to enable us to assess whether it abused its discretion.  The district court did not make a finding that Perry's failure to comply with its orders amounted to willful conduct.  <u>See</u> <u>Zocaras</u>, 465 F.3d at 483; <u>Betty K Agencies</u>, 432 F.3d at 1338.  And, based on the record before us, we cannot infer such a finding.  Rather, as evidenced by Perry's motion for reconsideration, the failure of Perry's counsel to comply with the district court's two orders was attributable to counsel's negligence and mistaken

10

belief concerning the referral of the complaint to a magistrate judge.  Mere negligence or confusion is not sufficient to justify a finding of willful delay or misconduct.  Zocaras, 465 F.3d at 483.

Nor did the district court explicitly consider whether lesser sanctions would have been adequate to obtain Perry's compliance with court orders, or whether lesser sanctions would have prejudiced Zinn.  See Kilgo, 983 F.2d at 193.  We therefore vacate the district court's "Final Order of Dismissal" and remand this case for further proceedings not inconsistent with this opinion.

**VACATED AND REMANDED.**