**REVISED May 8, 2014**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30962
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2014

Lyle W. Cayce
Clerk

LEWIS E. LOVE,

Plaintiff-Appellant

v.

COLONEL JODY BENDILY, Unit 1; ASSISTANT WARDEN DENNIS GRIMES, Unit 1; STEVE RADER, Unit 1; DEPUTY WARDEN JAMES LEBLANC, DCI; SECRETARY RICHARD STALDER, Department of Corrections,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-506

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lewis E. Love, who was at the time Louisiana prisoner # 457127, filed a civil rights complaint in which he claimed that prison officials had been deliberately indifferent to his serious medical needs. This appeal arises from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's dismissal of Love's action for failure to prosecute. Love contends that the district court abused its discretion in dismissing his action. He argues that there is no evidence of intentional delay on his part and that any violation was a single, unintentional incident. He also asserts that the district court failed to consider sanctions other than dismissal.

The district court dismissed Love's action "without prejudice." However, where the limitations period "prevents or arguably may prevent" further litigation, the standard of review should be the same as is used when reviewing a dismissal with prejudice. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212-13 (5th Cir. 1976). As the appellees acknowledge, if Love filed a subsequent lawsuit raising the same civil rights claims, the action would be time barred under Louisiana law. *See Cruz v. Louisiana ex rel. Dep't of Pub. Safety and Corrs.*, 528 F.3d 375, 378-79 (5th Cir. 2008); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). The district court's dismissal, therefore, is effectively a dismissal with prejudice. *See Boazman*, 537 F.2d at 213.

A "dismissal with prejudice is an extreme sanction that deprives the petitioner of the opportunity to pursue his claim." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (internal quotation and citation omitted). "A district court's dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff' exists and a lesser sanction would not better serve the interests of justice." *Id.* (internal quotations and citations omitted). "Additionally, in most cases where this Court has affirmed dismissals with prejudice, we found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (internal quotation, brackets, and citation omitted).

No. 13-30962

There is not a clear record of purposeful delay or contumacious conduct by Love, who, on a single occasion, failed to comply with a local rule that required him to inform the district court of a change of address. "Generally, where a plaintiff has failed only to comply with a few court orders or rules, [this court has] held that the district court abused its discretion in dismissing the suit with prejudice." *Id.* at 1192 & n.6. Moreover, a party's negligence, even if "careless, inconsiderate, or understandably exasperating," does not make conduct contumacious; "instead it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Millan*, 546 F.3d at 327 (internal quotation marks and citations omitted). Love's failure to update his address was seemingly "more a matter of negligence than purposeful delay or contumaciousness." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981). Additionally, none of the usual aggravating factors appear to be present in this case. *See Millan*, 546 F.3d at 327.

In view of the foregoing, the district court's dismissal for failure to prosecute was an abuse of discretion. *See id.* at 326. The district court's judgment is hereby VACATED and the case is REMANDED for further proceedings.