# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20271
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2018

Lyle W. Cayce
Clerk

CLEOPHUS CARRAWAY,

Plaintiff-Appellant

v.

ZAE ZEON; JAMIE WILLIAMS; STEPHANIE OLIVER; KRYSTAL ROTRAMEL; JACKLYN FISHER; CMC PHARMACY; UNIVERSITY OF TEXAS MEDICAL BRANCH,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2754

Before KING, ELROD, and HIGGINSON, Circuit Judges:

PER CURIAM:*

Cleophus Carraway, Texas prisoner # 490329, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, in which he alleged that prison officials were deliberately indifferent to his serious medical needs. The district court dismissed the suit for failure to prosecute, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20271

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The scope of the district court's discretion is narrower when the Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar re-prosecution of a suit dismissed under Rule 41(b) without prejudice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). In Carraway's case, although the district court dismissed the suit without prejudice, the dismissal may have effectively been with prejudice due to the applicable two-year statute of limitations. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).

Where the limitations period "prevents or arguably may prevent" further litigation, the standard of review should be the same as that used when reviewing a dismissal with prejudice. *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 212-13 (5th Cir. 1976). This court will affirm dismissals with prejudice for failure to prosecute only when there is a clear record of delay or contumacious conduct by the plaintiff and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or where the record shows that the district court employed lesser sanctions that proved to be futile. *Berry*, 975 F.2d at 1191-92 & nn.5-6.

There is not a clear record of purposeful delay or contumacious conduct by Carraway. The order of dismissal was issued on February 21, 2017, which was 18 days after February 3, 2017, the due date for Carraway's reply to the motion to dismiss. Moreover, although he did not file the proper responsive pleading, Carraway attempted to litigate his claims during the relevant time period. *See, e.g., McNeal v. Papasan*, 842 F.2d 787, 789-91 (5th Cir. 1988) (providing that a delay warranting dismissal with prejudice must be longer than just a few months and must be characterized by significant periods of

total inactivity). Generally, where a plaintiff fails to comply with only a few court orders or rules, this court has held that the district court's dismissal of a suit with prejudice is an abuse of discretion. *See Berry*, 975 F.2d at 1192 & n.6. Also, the district court did not determine that lesser sanctions would not prompt diligent prosecution, and the district court did not employ lesser sanctions that proved to be futile. *See id.* Finally, the record does not establish the existence of the usual aggravating factors. *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008).

Accordingly, the district court's dismissal of Carraway's suit was an abuse of discretion. The district court's judgment is VACATED and the case is REMANDED for further proceedings. Carraway's motion to supplement the record is DENIED.