[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-12474

Non-Argument Calendar

————————————————

NEIL CUFF,

Plaintiff-Appellant,

*versus*

FLORIDA A&M UNIVERSITY & BOARD OF TRUSTEES,
in its official capacity,
TAYANNA MARR,
in their individual capacity,
JESSICA WARTHEN,
in their individual capacity,
MARLON HONEYWELL,
in their individual capacity,

2                      Opinion of the Court                  23-12474

JOCELYN SPATES,

in their individual capacity, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-00777-RBD-RMN

_____

Before WILSON, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Neil Cuff appeals the denial of his motion for appointed counsel and the dismissal of his discrimination and retaliation claims under the Americans with Disabilities Act (ADA), the Rehabilitation Act, and Title VI of the Civil Rights Act. The District Court dismissed his case under Fed. R. Civ. P. 41(b) for failure to prosecute. Cuff contends that the District Court abused its discretion in two ways: first, by denying his request for counsel despite the complexity of his case and his struggles with the court's procedural requirements; second, by dismissing his case for failing to prosecute, despite his notifications about health challenges that delayed his filings. We affirm.

I.

Neil Cuff, proceeding *pro se*, sued Florida A&M University (FAMU) and several individuals alleging disability discrimination, retaliation, and civil conspiracy. Cuff claimed that FAMU and its officials repeatedly denied him ADA accommodations and financial aid while he was a student in the Pharmaceutical Sciences Program from 2014 to 2018. He alleged that, after he filed a grievance against FAMU for these denials, the school retaliated by expelling him and creating additional barriers to his completion of the program.

Cuff's lawsuit named the FAMU Board of Trustees and various administrators as defendants, accusing them of preventing him from obtaining his degree, sabotaging his academic progress, and ultimately blacklisting him from securing employment as a pharmacist. He also claimed that FAMU failed to send his ADA documentation to the Board of Pharmacy, which hindered his efforts to obtain accommodations for his pharmaceutical board exams.

Throughout the litigation, Cuff struggled with procedural rules and deadlines. He sought multiple extensions, citing health problems and his efforts to find an attorney. Although he initially met some extended deadlines, he often failed to comply with the District Court's requirement to confer with opposing counsel before filing motions, as required by Local Rule 3.01(g). The District Court repeatedly reminded Cuff that he had to meet deadlines.

On March 16, 2023, the District Court dismissed Cuff's first amended complaint as a shotgun pleading and allowed him to file

a second amended complaint. Cuff filed a second amended complaint, continuing to allege discrimination under the ADA, the Rehabilitation Act, and Title VI, and asserting that the FAMU defendants and others retaliated against him for seeking accommodations.

In response, the FAMU defendants moved to dismiss, and Cuff again sought more time, citing ongoing health issues and claiming he was close to retaining an attorney. The District Court granted some of Cuff's extension requests but warned that future requests would be denied without a showing of diligence. Despite this, Cuff missed a scheduled hearing and continued filing motions without properly conferring with opposing counsel.

On May 31, 2023, Cuff moved for appointed counsel, arguing that his health prevented him from managing the case and that the legal issues were complex. He also requested another extension to respond to the defendants' motions to dismiss. The District Court denied both motions, finding no exceptional circumstances to warrant the appointment of counsel and concluding that Cuff had not shown diligence in managing the case.

On June 29, 2023, after Cuff failed to meet deadlines and continued to file non-compliant motions, the District Court dismissed his second amended complaint without prejudice under Fed. R. Civ. P. 41(b) for failing to prosecute and under the Local Rules for failing to comply with court orders. It cited Cuff's repeated delays, missed deadlines, and continued non-compliance with MDFL Local Rule 3.01(g), emphasizing that he had been given ample opportunity to comply but had failed to do so.

II.

We review the denial of a motion to appoint counsel for abuse of discretion. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). An abuse-of-discretion review allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment. *See McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001), *amended on reh'g*, 311 F.3d 1077 (11th Cir. 2002).

In civil cases, there is no constitutional right to counsel.[1] *Bass*, 170 F.3d at 1320. Courts should only appoint counsel when a case presents exceptional circumstances—where the facts or legal issues are so complex that a trained attorney is needed. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). The key inquiry is whether the *pro se* litigant can present the core of his case to the court. *Id.* Simply needing help is not enough. *See Bass*, 170 F.3d at 1320.

Here, the District Court did not abuse its discretion in denying Cuff's motion to appoint counsel. Cuff's situation did not reach the level of exceptional circumstances that warrants the

---

[1] The distinction between civil and criminal cases when it comes to appointing counsel is rooted in the gravity of each proceeding. In criminal cases, the Constitution guarantees the right to appointed counsel because what is at stake is a person's liberty, or even his life. The law recognizes that defending oneself against the government's power can be daunting. *See Gideon v. Wainwright*, 372 U.S. 335, 344–45 (1963). Civil cases, by contrast, usually involve disputes over property, contracts, or rights—important, yes, but they do not carry the same risk of a jail cell. So, the courts generally expect civil litigants to stand on their own, unless their situation is truly extraordinary. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26–27 (1981).

appointment of counsel. His claims—alleging discrimination and retaliation under the ADA and related statutes—were straightforward. He argued that FAMU failed to provide accommodations and then retaliated when he filed complaints. The legal standards for these claims are well established, focusing on whether Cuff was denied reasonable accommodations and whether adverse actions were taken because of his disability complaints. Cuff demonstrated his understanding of these issues by filing a second amended complaint that laid out the basis for his allegations against FAMU, including specific instances where he believed his rights were violated.

Moreover, Cuff's ability to articulate his claims and engage in the litigation process shows that he could handle the core of his case. He filed two complaints, addressed the defendants' arguments in his responses, and sought extensions when needed, citing health challenges. While he faced difficulties with procedural aspects—like adhering to deadlines and conferring with opposing counsel—these challenges did not impede his ability to present the essential facts and arguments of his case. His motion for counsel emphasized his health struggles and characterized the case as "complex," but these claims fall short. The decision to appoint counsel focuses on Cuff's ability to present his claims, not his desire for help in managing the burdens of litigation. Given that Cuff managed to communicate the crux of his arguments, the District Court's finding that he did not demonstrate exceptional circumstances was well within its discretion.

### III.

We review a district court's dismissal under Rule 41(b) for an abuse of discretion. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (citing Fed. R. Civ. P. 41(b)). If a Court dismisses a case on multiple grounds, the appellant must challenge each ground to obtain a reversal. *Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 680 (11th Cir. 2014). Ignoring one ground is enough to require us to affirm. *Id.*

Here, Cuff challenges the District Court's dismissal for failure to prosecute, but he ignored the Court's other reason: his failure to follow local rules. That alone means we must affirm. *See Sapuppo*, 739 F.3d at 680.

Even setting aside this waiver, the record supports the Court's dismissal. Florida's four-year statute of limitations applied to Cuff's claims under the ADA, the Rehabilitation Act, and Title VI. *See Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996) (holding that Georgia's personal injury limitations period applied to a Title VI claim brought in Georgia); *Karantsalis v. City of Miami Springs, Fla.*, 17 F.4th 1316, 1320 (11th Cir. 2021) (holding that Florida's personal injury limitations period applied to ADA and Rehabilitation Act claims brought in Florida); Fla. Stat. § 95.11(3). Because Cuff's claims risk being time barred if he refiles, we treat his dismissal without prejudice as a dismissal with prejudice. *See Boazman v. Econ.*

*Lab'y, Inc.*, 537 F.2d 210, 212–13 (5th Cir. 1976).[2] A dismissal with prejudice is an "extreme sanction" and "is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338–39 (11th Cir. 2005).

Even under the heightened dismissal with prejudice standard, the District Court did not abuse its discretion. The District Court's findings that Cuff continually missed deadlines and willfully ignored court rules were backed by the record. *See id.* at 1339–40. Cuff's delays and failure to comply left the District Court with little choice but to dismiss his complaint. So, we affirm the Court's dismissal of his complaint.

## IV.

In short, the District Court did not abuse its discretion in denying Cuff appointed counsel. And Cuff waived his challenge to his dismissal by failing to contest the District Court's second basis for dismissal—that he did not comply with the Court's rules. Even if he had not, we would still affirm because there was "a clear record of delay or willful conduct" supporting the District Court's decision. *See id.* at 1338–39.

**AFFIRMED.**

---

[2] Decisions of the Fifth Circuit issued before October 1, 1981, are binding precedent on this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).